## EX PARTE J. H. DUMAS.

No. 20646. Delivered November 1, 1939.

The opinion states the case.

*Robert M. Lyles* and *Floyd Enlow*, both of Angleton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

In 1934 appellant was convicted in Lubbock County, Texas, of horse theft and under averments of prior convictions for felonies under Art. 63 P. C. he was adjudged to be an habitual criminal and his punishment was assessed at imprisonment in the penitentiary for life.

On June 21, 1939, there was presented to Hon. M. S. Munson, District Judge of Brazoria County, Texas, an application for the writ of habeas corpus in which appellant was seeking to have reviewed alleged irregularities incident to appellant's trial in 1934. In the application for the writ appellant represented that he was illegally restrained of his liberty by L. R. Johnson in the capacity of agent of the State Board of Pardons for the State of Texas. On June 22d Judge Munson granted the prayed for writ, directing Mr. Johnson to appear on June 26th and show cause why he restrained appellant. In obedience to the writ Mr. Johnson appeared and filed the following answer.

"To the Honorable M. S. Munson, Judge of the 23d District Court:

"Now comes L. R. Johnson, Sheriff of Brazoria County, Texas and in response to Your Honor's Writ of Habeas Corpus issued in the above entitled and numbered cause on the 22nd day of June, A. D. 1939, I respectfully state to the Court that I do not have in my custody at this time, nor have I had in my custody at any time since the issuance of said writ, the said J. H. Dumas, who alleges in his petition in this cause to be restrained of his liberty by me.

"I would respectfully show the Court that the said J. H. Dumas is at large and subject to no restraint by me in my official capacity pursuant to a proclamation issued by the Governor of the State of Texas on the 6th day of June, A. D., 1939, a copy of which said proclamation, together with a copy of a letter from Claude A. Williams, Assistant Secretary of State, to the Sheriff of Brazoria County, Texas, and a report of the Board of Pardons and Parole, is attached hereto; that the conditions thereof are conditions accepted by the Relator and of which I have no authority except such as may be voluntarily acceded to by Relator.

"Wherefore, I respectfully show the Court that not having assumed custody or jurisdiction over the said J. H. Dumas, I do not illegally restrain him of his liberty.

"L. R. Johnson, Sheriff of Brazoria County, Texas.

"Subscribed and sworn to before me, the undersigned authority, by L. R. Johnson, Sheriff of Brazoria County, Texas, on this the 5 day of July, A. D. 1939.

(seal)                                  "Jimmie Patterson
                    "Dist. Clerk within and for Brazoria
                        County, Texas,
                    "By James F. Perry, Deputy."

After hearing on July 5th, Judge Munson entered the following order.

"No. 4188      In the District Court of Brazoria County, Texas.

"Ex Parte J. H. Dumas.

"On this the 5th day of July, 1939, came on for hearing the application of J. H. Dumas, the relator, for a writ or habeas corpus hereinbefore granted in this cause; whereupon, the relator appeared in person and the respondent L. R. Johnson, filed his answer herein under oath, stating that he did not and was not restraining the relator of his liberty, and this hearing proceeded, and the court, after having heard and considered the application for the writ of habeas corpus and the answer of the respondent, the evidence and the argument of counsel, is of the opinion that the relator is not restrained of his liberty by the said L. R. Johnson, respondent, as alleged in said application, but that the relator is at liberty on and by virtue of a parole granted to him by W. Lee O'Daniel, Governor of the State of Texas, and that, therefore, the writ of habeas corpus will not lie in this cause and should be dismissed.

"It is therefore ordered, adjudged and decreed by the Court that the relief prayed for by the relator in his application for the writ of habeas corpus be and the same is hereby denied, and the application for the writ of habeas corpus be and the same is hereby dismissed.

"To all of which action and ruling of the court the relator then and there in open court duly excepted and gave notice of appeal to the Court of Criminal Appeals of Texas at Austin, Texas.

                    "M. S. Munson,
                "Judge of the District Court of
                    Brazoria County, Texas."

From the foregoing order this appeal is prosecuted, it being appellant's contention that notwithstanding the finding of the trial judge that appellant was not restrained of his liberty by Mr. Johnson that he was under such restraint by the terms of the parole as entitled him to the relief sought. He predi-

cates such contention on the provision of Art. 134 C. C. P. (1925) which provides as follows: "By 'restraint' is meant the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right."

Appellant cites us to Ex parte Snodgrass, 43 Tex. Cr. R. 359, 65 S. W. 1061; Ex parte Calhoun, 91 S. W. (2d) 1047; Ex parte Foster, 71 S. W. 593. We fail to see the application of the Snodgrass and Foster cases to the one now before us. They had been arrested under the contempt proceeding and were under the actual control of the officer who had arrested them. The Calhoun case appears to be against appellant. Mrs. Calhoun was adjudged in constructive contempt but was never taken into custody or in any way held in restraint under said contempt order. The Supreme Court dismissed the habeas corpus proceeding, which was the course pursued by Judge Munson in the present case.

We are constrained to hold that such was the proper order and the judgment of the trial court is affirmed.