## EX PARTE EMMA CAVAZOS VILLAFRANCA.

No. 22966. Delivered October 11, 1944.
Rehearing Denied (Without Written Opinion) November 22, 1944.

The opinion states the case.

*Ronald Smallwood*, of Harlingen, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

·On July 27th, 1944, and after hearing, a Justice of the Peace of Cameron County placed relator under a peace bond by the following order:

"It is therefore ordered that the said Emma Cavazos is hereby ordered to make a peace bond in the sum of One Hundred Dollars, conditioned as according to law, and that she will keep the peace for one year and in lieu of said bond, that the said Emma Cavazos be committed to jail."

.On the same day, relator executed the required peace bond, with Ernesto Villafranca and S. Longoria as sureties.

Three days thereafter, or on the 30th day of July, 1944, the justice of the peace entered the following order:

"This day Ernesto Villafranca and S. Longoria, bondsmen, brought Emma Cavazos into Court and surrendered her and asked to be taken off of her bond. *She is however put under arrest and permitted to go at liberty in Harlingen, Texas, under control of the Court from day to day until another bond is made and approved of.*" (Emphasis ours).

By writ of habeas corpus before the County Judge of Cameron County, relator sought her discharge from the "restraint and arrest under which she is now held by said Justice of the Peace," under said order.

After hearing, the relief prayed for was denied and relator was remanded to the custody of the justice of the peace. From this order, she appeals. The record does not reflect that relator has made another bond.

Relator takes the position that the order of the justice of the peace constitutes constructive restraint and custody from which she was entitled to be discharged because the facts were insufficient to require the giving of a peace bond.

It is true that one may, by writ of habeas corpus, be released from constructive, as well as actual, custody, arrest, or restraint (Branch's P. C., Sec. 240; Ex parte Snodgrass, 43 Tex. Cr. R. 359, 65 S. W. 1061; Ex parte Foster, 44 Tex. Cr. R. 423, 71 S. W. 593, 60 L. R. A. 631, 100 Am. St. Rep. 871; Ex parte Calhoun, 127 Tex. 54, 91 S. W. (2d) 1047; and Ex parte Dumas, 137 Tex. Cr. R. 524, 132 S. W. (2d) 883) ; but, constructive custody arises only when a restraint or custody of some character is exercised. Ex part Dumas, supra.

So, the question before us is not so much whether the relator was in the constructive custody of the justice of the peace by reason of the orders mentioned, but whether restraint or custody of any character exists under those orders. It must be remembered that, to prevent a person from committing an offense, or threatened offense, and to insure the keeping of the peace by him, Title 3, Chapter Three, C. C. P., authorizes a justice of the peace, sitting as a magistrate, to place such a person under a peace bond, or to commit him to jail not exceeding a year, upon the failure to give the bond required. The restraint exercised is either that which arises under the bond or actual confinement in jail. The statutes mentioned do not authorize one found guilty thereunder to be at liberty except under the bond.

So long, then, as such a person is neither under bond nor confined in jail, the power conferred by said statutes has not been exercised by the magistrate. Such is the position the order of the justice of the peace here presented occupies, for, under it, the relator is neither under bond nor confined in jail. The order therefore is not supported by the statutes mentioned.

. The conclusion is reached, therefore, that relator was not under restraint by reason of the order of the justice of the peace, and no occasion existed for the application of the writ of habeas corpus. It follows that the judgment of the trial court is reversed and the relator is ordered discharged.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.