## EX PARTE MAGGIE LUCILLE CRAVENS.

No. 24420. May 18, 1949.

*G. H. Crane,* of Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, *Thomas C. Unis,* Assistant District Attorney, all of Dallas, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellant was indicted by the grand jury of Dallas County for the offense of robbery by assault, a noncapital offense. She was subsequently arrested by the sheriff of said county and placed in jail. She immediately applied to the Honorable Henry King, Judge of Criminal District Court No. 2, of Dallas County, for a writ of habeas corpus.

In her first application, she alleged that she is a white woman, that there was no woman on the grand jury which indicted her, although there were many women in Dallas County who were qualified for grand jury service; that the grand jury was composed of twelve men; that this constituted an unjust discrimination against her and therefore the indictment returned by said grand jury was illegal and void.

342

It seems that on the hearing of the application the state, by and through its district attorney, agreed with appellant that bail in the sum of $1500, would be reasonable and sufficient; that the only issue in the case was whether or not the indictment returned against her by a grand jury composed of twelve men was valid. The court, by virtue of the stipulation aforesaid, set the amount of her bail at $1500, and remanded her to the custody of the sheriff pending the making of said bond. She excepted to the order of the court, gave notice of appeal to this court, and entered into a recognizance in said sum of $1500. If she is at large under the recognizance, the question of her restraint has become moot since the release on bail generally destroys the writ. See Tex. Jur., Vol. 21, p. 422, Sec. 5.

Her contention that the indictment is void because it was returned by a grand jury of twelve men is without merit. Art. 5, Section 13, of our Constitution provides as follows: "Grand and petit juries in the district court shall be composed of twelve men * * *." It will be noted that under the provisions of the constitution a legal grand jury is composed of twelve men. This court has heretofore held that a grand jury composed of ten men and two women is an illegal grand jury. See Harper v. State, 90 Tex. Cr. R. 252 (234 S. W. 909); Stroud v. State, 90 Tex. Cr. R. 286 (235 S. W. 214); and Riddle v. State, 90 Tex. Cr. R. 548 (236 S. W. 725). It occurs to us that under the constitution here quoted and the authorities cited, the trial court made and entered the proper order. Appellant cannot utilize the writ of habeas corpus in a case of this nature to test the validity of the indictment.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

Opinion approved by the Court.