IN RE FINCHER.

(No. 4782—Decided January 22, 1958.)

*Mr. O. H. Corvington,* for petitioner.
*Mr. John M. Kelly,* director of law, and *Mr. Robert W. Blakemore,* for respondent, Harry Whiddon, chief of police of Akron.

HUNSICKER, P. J. This is an original action in habeas corpus, filed by George Fincher, who says that "he is unlawfully restrained of his liberty, in that he is imprisoned by Harry Whiddon, chief of police of the city of Akron, at the Akron city jail, Akron, Ohio."

The facts disclose that Fincher was arrested on a warrant in a criminal case issued out of the Municipal Court of Akron. The arrest took place in the corridor outside of one of the courtrooms of that court, prior to the opening of the session of court for the day upon which the arrest was made.

He was taken by the arresting officer to be booked and fingerprinted. Fincher was then returned to the courtroom, to await the call of another criminal case in which he was out on bond. Fincher then posted bond in the case in which he was

arrested while in the corridor of the court, and through his counsel he secured a continuance of both matters.

Fincher then, while out on bond in both cases, filed the instant action, claiming immunity from arrest by virtue of the privilege from arrest statutes, Section 2331.11 *et seq.*, Revised Code.

It is not, however, necessary to discuss the application of those sections in this case.

Section 2725.01, Revised Code, says:

"Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

The application for the writ must be as set out in Section 2725.04, Revised Code, which says:

"Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

"(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

"(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

"(C) The place where the prisoner is so imprisoned or restrained, if known;

"(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."

George Fincher, who seeks to be discharged by this writ, was, at the time of the application herein, not in the custody of the chief of police of Akron. He had, by his own request, been admitted to bail. The terms of the bail bond were not disclosed to this court. Was Fincher, then, "unlawfully restrained of his liberty" at the time he made application for a writ of habeas corpus?

To restrain a person, ordinarily means to deprive such person of his liberty. One who is on bail is not physically under any restraint, and generally he is free to come and go as he pleases, subject to being present when his trial is called for hearing.

We have searched the Ohio cases but find no case in point. There are, however, authorities in other states, and nearly all of such cases cite as their authority the case of *Stallings* v. *Splain, U. S. Marshal,* 253 U. S., 339, 64 L. Ed., 940, 40 S. Ct., 537, wherein it was held that, when bail is given, the prisoner ceases to be in the position ordinarily occupied by one who is contesting the validity of his detention, and that, under such circumstances, a petitioner is not entitled to be discharged on habeas corpus.

The rule adopted in the case of *Stallings* v. *Splain, Marshal, supra,* has been followed in the following cases: *Lane* v. *State,* 217 Ark., 114, 229 S. W. (2d), 43; *Robinson* v. *Bax* (Kentucky), 247 S. W. (2d), 38; *Hendershott* v. *Young, Supervisor,* 209 Md., 257, at p. 261, 120 A. (2d), 915; *Ex parte Robilotto,* 24 N. J. Super., 209, 94 A. (2d), 207; *Commonwealth, ex rel. Maisels,* v. *Baldi,* 172 Pa. Super., 19, 92 A. (2d), 257; *Ex parte Cravens,* 153 Tex. Cr. R., 341, 220 S. W. (2d), 467; *In re Powell,* 191 Wash., 152, 70 P. (2d), 778; *United States, ex rel. Walmer,* v. *Tittemore,* 61 F. (2d), 909.

See also: 14 A. L. R., 344, annotation; 39 Corpus Juris Secundum, Habeas Corpus, Section 9 b; 25 American Jurisprudence, Habeas Corpus, Section 24.

An examination of these and other authorities compels us to determine that, before one can successfully seek a writ of habeas corpus, he must be actually restrained of his liberty, and that, unless there is the actual or physical restraint of a person, the writ will not issue.

Since a person out on bail is not so restrained of his liberty as to be entitled to a writ of habeas corpus, the writ sought herein will be denied, at the costs of the petitioner.

*Writ denied.*

DOYLE and STEVENS, JJ., concur.