him from doing that. I think his conduct and his actions warrant fifteen years in the penitentiary, the full amount."

Such argument was a discussion of the evidence and a proper plea for law enforcement. Villarreal v. State, Tex.Cr.App., 440 S.W.2d 74; Perbetsky v. State, Tex.Cr.App., 429 S.W.2d 471; and Henderson v. State, 163 Tex.Cr.R. 573, 295 S.W.2d 215. No error is shown.

█ The sentence reads that the confinement is for a term of "not less than two nor more than twelve years." Article 535c, V.A.P.C., provides that the penalty for such an offense shall be for any term of years not to exceed fifteen.

In applying our indeterminate sentence law, the sentence is reformed as provided for in Article 44.24, V.A.C.C.P., so as to fix appellant's punishment at "not less than one day nor more than twelve years."

As reformed, the judgment of conviction is affirmed.

Robert J. Craig, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Lawrence Wells, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from the 147th District Court of Travis County.

It has been made known to this Court that appellant is not confined, and the question raised by his appeal has become moot, Ex parte Brown, Tex.Cr.App., 374 S.W.2d 895, and cases collated under 19 Texas Digest, Habeas Corpus, ☞10.

This appeal is ordered dismissed.

No motion for rehearing will be entertained.

**Ex parte Bobby Loyd STEWART.**

No. 43290.

Court of Criminal Appeals of Texas.

July 22, 1970.

**Ex parte Bobby Loyd STEWART.**

No. 43291.

Court of Criminal Appeals of Texas.

July 22, 1970.