**Ex parte Woody Lamar AINSWORTH.**

**No. 51506.**

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, & Ned V. Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from an order denying relief in a habeas corpus proceeding in which appellant sought release on bail pending a hearing on the State's motion to revoke his felony probation.

Appellant challenges the trial court's refusal to set bail.

We note that effective June 19, 1975, Art. 42.12(8)(a), V.A.C.C.P., has been amended. The relevant portion of the statute now provides:

"   .   .   .   A probationer so arrested [upon warrant for violation of any of the conditions of his probation] may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. *If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion,* and after a hearing without a jury, may either continue, modify, or revoke the probation. The court may continue the hearing for good cause shown by either the defendant or the state. .   .   ." (Emphasis added.)

The emphasized portion of the statute is new.

In *Ex parte Jones,* Tex.Cr.App., 460 S.W.2d 428, the Court held that Article I, Section 11, of the Texas Constitution, protecting the right to bail, does not apply to a probationer who has been arrested for probation violation. It was held:

1. A copy of this opinion will be furnished to the Texas Department of Corrections.

"The petitioner is thus not entitled to bail as a matter of right pending a hearing on the State's motion to revoke probation. . . . "

While legislative amendment may not alter the scope of constitutional protections, there remains the question of whether the amendment to Article 42.12(8)(a), supra, created a statutory right to bail in cases such as this. We are of the opinion that the statutory language, "If the defendant has not been released on bail," does not show an intent to create a statutory right to bail but, to the contrary, continues to leave the decision to grant or deny bail in the discretion of the judge. The amending language further supports such a conclusion in that it provides a probationer with the statutory right to demand and secure a prompt hearing on the motion to revoke probation in the event he has not been released on bail.

We therefore hold that a probationer is not entitled to bail as a matter of right pending a hearing on the State's motion to revoke probation, but that a person so situated may be admitted to bail by the court in the exercise of its discretion.

No abuse of discretion has been shown or asserted. The judgment is affirmed.