**Ex parte Manuel TRILLO.**

**No. 52571.**

Court of Criminal Appeals of Texas.

Sept. 15, 1976.

Ronald D. Coleman, El Paso, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a habeas corpus proceeding.

On April 22, 1976, the appellant, who was on felony probation, was arrested and incarcerated in the El Paso County Jail pursuant to a bench warrant issued by the 205th District Court of El Paso County. This was in accord with the provisions of Art. 42.12, Sec. 8(a), Vernon's Ann.C.C.P. (as amended), which provides in part:

"At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. Any probation officer, police officer or other officer with power of arrest may arrest such defendant without a warrant upon the order of the judge of such court to be noted on the docket of the court."

On April 27, 1976, the appellant, still in custody, filed a motion for a hearing on his probation revocation. The record reflects that no such hearing was held, and the appellant remained in custody. Twenty-one days later, on May 18, 1976, the appellant filed this writ of habeas corpus alleging that "because of the failure of the Court to grant a hearing within twenty days of the filing of Defendant's Motion for a Hearing, the Petitioner is being denied his liberty without due process of law and should be forthwith released and the Motion for Revocation of Probation should be overruled."

Appellant's reliance was upon another part of Art. 42.12, Sec. 8(a), supra. Section 8(a) also provides that:

"A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, modify, or revoke the probation. The court may continue the hearing for good cause shown by either the defendant or the state."

It is undisputed that no hearing was held nor any continuance granted. Instead, the trial court granted the writ, held a short hearing on May 20, 1976 and entered an order finding that a date should be set for a hearing on the motion to revoke appellant's probation. The court also ordered that the appellant be released on his own personal bond. See Arts. 17.03, 17.04, V.A.C.C.P. The court denied appellant's request that the motion to revoke be dismissed.

The question is whether habeas corpus is the proper remedy for the relief which appellant seeks. At the outset, however, we must determine whether appellant is being restrained and is therefore "in custody" even though he is free on personal bond or

whether this fact has rendered appellant's petition moot.

In *Ex parte Burt*, 499 S.W.2d 109 (Tex. Cr.App.1973), we held that habeas corpus relief was available to a petitioner *even though he had been released from confinement* from the Texas Department of Corrections, since there was a possibility that collateral legal consequences would be imposed on the basis of the challenged conviction. Reliance was upon *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). See also *Ex parte Langston*, 510 S.W.2d 603 (Tex.Cr.App.1974); *Ex parte Langston*, 511 S.W.2d 936 (Tex.Cr. App.1974). Cf. *Ex parte Alegria*, 464 S.W.2d 868 (Tex.Cr.App.1971).

In *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), the Supreme Court held that the petitioner Hensley was in custody for federal habeas corpus purposes despite the fact that he had been released on his own recognizance by the state court. The court reasoned that even though the petitioner was not physically incarcerated, the restraints on his liberty were severe and immediate.

We agree with the Supreme Court's reasoning in *Hensley* and hold that one may be "in custody" for habeas corpus purposes even though he is out on bail or his own personal bond. *Ex parte Snodgrass*, 43 Tex.Cr.R. 359, 65 S.W. 1061 (1901); *Ex parte Foster*, 44 Tex.Cr.R. 423, 71 S.W. 593 (1903); Arts. 11.01, 11.04, 11.21–11.23, V.A. C.C.P. All cases holding to the contrary are overruled to the extent that they conflict with today's holding.[1]

The more difficult question is whether this particular case is an appropriate vehicle for habeas corpus or whether it is, as the State contends, merely an interlocutory appeal which this Court has indicated it will not entertain. See Texas Constitution, Art. V, Sec. 5; *Ex parte Jones*, 449 S.W.2d 59 (Tex.Cr.App.1970). We have concluded that the twenty-day requirement of Art. 42.12, Sec. 8(a), supra, is mandatory and that noncompliance with its terms requires a dismissal of the motion to revoke. We have also concluded that the writ of habeas corpus is a proper method for challenging such a noncompliance.

We begin with the pertinent language of Section 8(a), added by the Legislature in 1975:[2]

> "If the defendant has not been released on bail, *on motion by the defendant* the court *shall* cause the defendant to be brought before it for a hearing *within 20 days of* filing of said motion . . . ." (Emphasis added).

This language is mandatory: It requires the court to hold a hearing within twenty days if a defendant is incarcerated pursuant to a motion to revoke and has filed his motion for a hearing. The language was clearly intended to guarantee that defendants who were not free on bond were to be given a speedier hearing than they might otherwise be afforded.[3] The Legislature was obviously concerned that such defendants might spend an excessive amount of time in jail simply because they were unable to make bond and could not get an early trial setting due to the crowded condition of many trial courts' dockets. See *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

The trial court's remedy in this case was to release appellant on his personal bond rather than granting his prayer that

---

1. These include *Ex parte Dumas*, 137 Tex.Cr.R. 524, 132 S.W.2d 883 (1939); *Ex parte Villafranca*, 147 Tex.Cr.R. 610, 183 S.W.2d 461 (1944); *Ex parte Cravens*, 153 Tex.Cr.R. 341, 220 S.W.2d 467 (1949); *Ex parte Puente*, 166 Tex. Cr.R. 439, 314 S.W.2d 306 (1958); *Ex parte Brown*, 374 S.W.2d 895 (Tex.Cr.App.1964); *Ex parte Bradford*, 383 S.W.2d 933 (Tex.Cr.App. 1964); *Ex parte Stewart*, 456 S.W.2d 906 (Tex. Cr.App.1970) (two cases), and *Ex parte Putnam*, 456 S.W.2d 916 (Tex.Cr.App.1970).

2. Acts 1975, 64th Leg., p. 1243, ch. 467, Sec. 1, eff. June 19, 1975.

3. We do not believe that this portion of the statute denies equal protection on the basis of wealth. See *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

the revocation motion be dismissed. The question is whether this is an adequate remedy for a violation of the mandate of Section 8(a). Clearly, it is not.

■ The granting of a personal bond is a matter within the discretion of the court before whom the case is pending. Art. 17.03, V.A.C.C.P. See also Art. 17.031, V.A. C.C.P.; Art. 2372p–1, Sec. 3, Vernon's Ann. Civ.St.; Art. 2372p–2, Sec. 1, Vernon's Ann. Civ.St. It follows that there will be some situations where a personal bond will not be appropriately within the discretion of a trial court, and a personal bond should *not* be granted. We therefore decline to hold that a personal bond *must* be granted in all cases such as the one at bar, since to do so would violate the clear language of Art. 17.03, supra, that this decision is a discretionary one.

■ We also decline to hold that the trial court may release some defendants on personal bonds and others on bail bonds. See Art. 17.05, *et seq.*, V.A.C.C.P. This would allow a total avoidance of the twenty-day requirement of Section 8(a) in cases where a defendant was unable to make a bail bond.

■ It is clear that the only relief compatible with the mandatory language and legislative purpose of Section 8(a) is to dismiss the motion to revoke if the twenty-day requirement is not complied with, and we so hold.[4] However, we also hold that such a dismissal is without prejudice to the State's right to file another motion to revoke, provided of course that the defendant shall not be deprived of his right to a speedy hearing, *Ross v. State*, 523 S.W.2d 402, 404 (Tex.Cr. App.1975), or his right to be free of undue prejudice and harassment, cf. *Rutherford v. State*, 16 Tex.App. 649 (Austin Term, 1884).

■ Nor can we agree that the case before us is an interlocutory appeal; rather, we conclude that the appellant's choice of habeas corpus as a remedy was a correct one.

Article I, Section 12 of the Texas Constitution provides:

"The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual."

See also Article 1.08, Vernon's Ann.C.C.P. Article 11.01, Vernon's Ann.C.C.P., defines the writ, while Article V, Section 8 of the Texas Constitution and Article 11.05, V.A.C. C.P., give the District Court the power to issue the writ.

Article 11.04, V.A.C.C.P., provides:

"Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it."

See also Articles 11.21–11.23, V.A.C.C.P.

As we have noted, the appellant here has been unlawfully restrained in his liberty. Absent strong considerations to the contrary, he is entitled to seek relief by means of habeas corpus.[5] Art. I, Sec. 12, Tex. Const., supra; Arts. 11.01, 11.04, supra; *Ex parte Snodgrass*, supra; *Ex parte Foster*, supra.

We do not believe that such considerations are present in the narrowly-defined situation before us here.

■ We first observe that the court's refusal to entertain interlocutory appeals is based upon Art. V, Sec. 5 of the Texas Constitution. *Ex parte Jones*, 449 S.W.2d 59, 60, n. 4 (Tex.Cr.App.1970). However, that constitutional provision also gives this Court broad habeas corpus power. This habeas corpus power includes the authority

---

4. *Ex parte Ainsworth*, 532 S.W.2d 640 (Tex.Cr. App.1976), is not to the contrary. It merely states that there is no constitutional or statutory right to bail conferred by Section 8(a). It also holds that where a probationer is not released on bail, he has a right to "demand and secure a prompt hearing on the motion to revoke probation." *Ainsworth*, supra, at 641.

5. And, since the writ was granted by the trial judge who subsequently denied relief, it is clear that appellant has a right of appeal to this Court. *Nichlos v. State*, 158 Tex.Cr.R. 367, 255 S.W.2d 522 (1953); *Ex parte Mayes*, 538 S.W.2d 637 (Tex.Cr.App., July 19, 1976).

to review habeas corpus determinations made by the district courts. *Ex parte Nichlos,* supra; *Ex parte Mayes,* supra; *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr.App. 1967).

Moreover, this case is especially susceptible to determination by habeas corpus, not only for the reasons already stated, but also because it involves a question of the very power of the lower court to proceed and to restrain the appellant's liberty while it does proceed. In addition, the possibilities for mischief at the appellant's expense are great; for example, if the appellant's probation is not revoked, this issue will never reach this Court, yet the harm to appellant is evident. Finally, the question involved here is one which may be resolved quickly by a simple factual computation.[6] No complex legal issues are involved; all that need be decided is whether the twenty-day requirement of Section 8(a) has been complied with.[7] Thus, the vices which accompany piecemeal litigation are absent.

This is in contrast with the complex issues which are invariably presented when the question is, for example, the right to a speedy trial or the validity of an indictment.[8] See, e. g., *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr.App., June 23, 1976).

We therefore hold that a violation of the twenty-day requirement of Article 42.12, Section 8(a), Vernon's Ann.C.C.P., may be challenged by writ of habeas corpus prior to any proceedings on the motion to revoke. And since the State failed to proceed on the motion within twenty days of appellant's request for a hearing, the judgment is reversed and the motion to revoke is ordered dismissed.[9]

**6.** Determination on appeal is also rapid. See Art. 44.33, Rule 4, V.A.C.C.P.; Arts. 44.34, 44.-36, V.A.C.C.P.

**7.** See Art. 5429b–2, Sec. 2.04, Vernon's Ann. Civ.St.

**8.** We observe that these issues are not subject to habeas corpus determination, but must be

DOUGLAS, Judge (concurring).

I concur only in the result and not to the language which purports to overrule many decisions not necessary to the decision.

decided on direct appeal, because of the mandate of Art. 27.03, V.A.C.C.P. *Ex parte Jones,* supra; *Williams v. State,* 464 S.W.2d 842 (Tex. Cr.App.1971).

**9.** We emphasize that the mandatory language of Section 8(a) does not apply until the defendant makes his request for a hearing.