

# THE ATTORNEY GENERAL
## OF TEXAS

July 29, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Joe Warner Bell
Trinity County Attorney
P. O. Box 979
Groveton, Texas 75845

Opinion No. JM-760

Re: Whether a peace officer may, without further authorization, release on personal bond a defendant charged with a misdemeanor

Dear Mr. Bell:

You ask whether a peace officer may, without further authorization, release on personal bond a defendant charged with a misdemeanor. We assume that your question does not refer to misdemeanor traffic offenses. In those cases, an arresting officer may release an individual by obtaining his written promise to appear in court. V.T.C.S. art. 6701d, §148.

In reviewing your question, we first look to those statutes in chapter 17 of the Code of Criminal Procedure which address the matter of the release of a defendant upon personal bond.

Art. 17.03

The court before whom the case is pending may, in its discretion, release the defendant on his personal bond without sureties or other security.

Art. 17.031

(a) A magistrate may, upon the setting of a bond, release the defendant on his personal bond, in which case the bond may be transferred to any court wherein the case may later be heard, and subsequent courts may not revoke the personal bond except for good cause shown.

(b) Any magistrate in this state may release a defendant on his personal bond where the complaint and warrant for arrest does not originate in the county wherein the accused is arrested if the magistrate would have had jurisdiction over the matter had the complaint arisen within the county

wherein the magistrate presides.  The personal
bond <u>may not be revoked by the judge</u> of the court
issuing the warrant for arrest except for good
cause shown.

(c) If there is a personal bond office in the
county from which the warrant for arrest was
issued, <u>the court releasing a defendant</u> on his
personal bond will forward a copy of the personal
bond to the personal bond office in that county.

Art. 17.04.

<u>A personal bond is sufficient if it includes
the requisites of a bail bond as set out in
Article 17.08, except that no sureties are
required.</u>  In addition, a personal bond shall
contain the defendant's name, address and place of
employment, and the following oath sworn and
signed by the defendant:

'I swear that I will appear before (the court
or magistrate) at (address, city, county) Texas,
on the (date), at the hour of (time, a.m. or p.m.)
or upon notice by the court, or pay to the court
the principal sum of (amount) plus all necessary
and reasonable expenses incurred in any arrest for
failure to appear.'  (Emphasis added).

The matter of the release of a defendant upon bond being taken by
a peace officer is addressed in chapter 17, as follows:

Art. 17.05.

<u>A bail bond</u> is entered into either before a
magistrate, upon an examination of a criminal
accusation, or before a judge upon an application
under habeas corpus; <u>or it is taken from the
defendant by a peace officer if authorized by
Article 17.20, 17.21, or 17.22.</u>

Art. 17.20.

<u>The sheriff, or other peace officer</u>, in cases
of misdemeanor, may, whether during the term of
the court or in vacation, where he has a defendant
in custody, take of the defendant a <u>bail bond.</u>

Art. 17.21.

In cases of felony, when the accused is in custody of the sheriff or other peace officer, and the court before which the prosecution is pending is in session in the county where the accused is in custody, the court shall fix the amount of bail, if it is a bailable case and determine if the accused is eligible for a personal bond; <u>and the sheriff, or other peace officer,</u> unless it be the police of a city, <u>is authorized to take a bail bond</u> of the accused in the amount as fixed by the court, to be approved by such officer taking the same, and will thereupon discharge the accused from custody.  It shall not be necessary for the defendant or his sureties to appear in court.

Art. 17.22.

In a felony case, if the court before which the same is pending is not in session in the county where the defendant is in custody, <u>the sheriff, or other peace officer</u> having him in custody, <u>may take his bail bond</u> in such amount as may have been fixed by the court or magistrate, <u>or if no amount has been fixed, then in such amount as such officer may consider reasonable.</u>   (Emphasis added).

The Interpretative Commentary following article 17.01 includes a statement relative to a personal bond, as follows:

Under the new Code a person who is charged with an offense may, <u>if the court deems it wise,</u> be released on his own bond without the necessity of sureties.

The Committee further determined that too often an appellant was denied his right to appellate review because of the ineptness of his lawyer who had his client released pending appeal under a bond rather than a recognizance or vice versa, so all recognizances were eliminated from the new Code and now one who has been convicted may secure his release pending appeal only by entering into a bond which was set by the committing magistrate or changed by the trial court.  Only one bond is required <u>unless the trial judge</u> raises the amount

of bail required or lowers it as the Code permits him to do.  (Emphasis added).

A Special Commentary following article 17.04 states

> An innovation in the new Code permits the court, in its discretion to release a defendant on his personal bond without sureties or other security.  The requisites for such bond set forth in Art. 17.04 (among other things), call for the bond to reflect the defendant's name, address and place of employment as well as his oath that he will appear as ordered or pay amount of bond plus expenses of arrest.
>
> There are those defendants with ties to the community such as a family, a job, etc., but who do not have sufficient funds for a bail bondsman, corporate surety, nor friends with sufficient property to qualify as sureties under Art. 17.13. The amendment was designed to allow such defendant to be released on a personal bond and to return to his family and his job pending trial.  (Emphasis added).

In Ex Parte Trillo, 540 S.W.2d 728, 732 (Ct. Crim. App. 1976) the matter of the trial court's refusal of a personal bond to a defendant was before the court.  The court stated:

> The granting of a personal bond is a matter within the discretion of the court before whom the case is pending.  Art. 17.03, V.A.C.C.P.  See also Art. 17.031, V.A.C.C.P.; Art. 2372p-1, Sec. 3, Vernon's Ann. Civ. St.; Art. 2372p-2, Sec. 1, Vernon's Ann. Civ. St.[1]  It follows that there will be some situations where a personal bond will not be appropriately within the discretion of a trial court, and a personal bond should not be granted.  We therefore decline to hold that a personal bond must be granted in all cases such as the one at bar, since to do so would violate

---

1.  Article 2371p-1, section 3, and article 2372p-2, section 1, V.T.C.S., relate to the gathering, reviewing and providing a court with information to enable a court to make a determination as to whether an accused should be released on personal bond.

> the clear language of Art. 17.03, _supra_, that this decision is a discretionary one. (Emphasis added).

A peace officer may release a defendant upon bail bond under conditions specified in articles 17.20, 17.21, or 17.22. The judge of the court before whom the case is pending or a magistrate are the only officials authorized to release a defendant on personal bond. Arts. 17.03, 17.031.

## S U M M A R Y

> A peace officer may not, without authorization from a court or magistrate (except in traffic cases, an arresting officer may release an individual by obtaining his written promise to appear in court, V.T.C.S. art. 6701d, §148), release on personal bond a defendant charged with a misdemeanor.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General