### In re Extradition of ADAMS.

[Cite as *In re Extradition of Adams* (1989), 63 Ohio App.3d 638.]

Court of Appeals of Ohio,
Greene County.

No. 88–CA–85.

Decided Aug. 30, 1989.

*William F. Schenck,* Prosecuting Attorney, for appellee, state of Ohio. *David S. Peterson,* for appellant.

BROGAN, Judge.

This is an appeal by Joanne S. Adams from the trial court's denial of her petition for a writ of habeas corpus challenging the legality of the warrant for her arrest and the extradition order issued by the Governor of Ohio.

The facts of this case relate to a custody dispute. On May 11, 1980, Adams gave birth to Russell Adams Young and on April 13, 1982, William M. Young acknowledged his paternity of Russell in the Superior Court of California, City and County of San Francisco. Physical custody of Russell was granted to Adams with visitation permitted to Young. Legal custody of Russell was to be shared by both parents.

Subsequently, Adams informed Young of her intent to relocate to Ohio and to take Russell with her. A hearing on the redetermination of custody, support and visitation resulted in an entry dated June 30, 1986, wherein Adams was granted full legal and physical custody of Russell. Young was granted visitation with Russell as follows:

"[T]he two week Christmas Holiday of 1986–1987, and the Easter week holidays in 1987. Father shall provide for the transportation and make the arrangements for the transportation. Mother shall contribute one-third of the cost of the transportation."

In December 1986, Young informed Adams of his intent to exercise visitation with Russell. To this end, Young purchased a round-trip ticket from Dayton to San Francisco. Russell was to depart from Dayton on December 20, 1986 and return on January 2, 1987. Adams, however, refused to permit the ordered visitation. Thereafter, on December 20, 1986, Adams was served with a motion for contempt for failure to permit visitation. The hearing upon this motion was scheduled in California on December 24, 1986.

The hearing, which Adams did not attend, resulted in an order whereby Adams was found in contempt for failure to permit Christmas visitation as ordered. Furthermore, the court changed custody of Russell from Adams to Young.

Young retained Ohio counsel for the purpose of enforcing the California court order. The California order was filed in Greene County and Young moved for a contempt citation against Adams for failing to obey its provisions. Adams then challenged the jurisdiction of the California court to determine a change of custody. These proceedings culminated in a decision and order by the Greene County Common Pleas Court, Division of Domestic Relations, on May 21, 1987. Therein, the court found that the California court had properly exercised its jurisdiction over the parties and subject matter. The trial court found itself without jurisdiction to modify the order changing custody of Russell from Adams to Young.

Adams filed her appeal of the decision of the trial court with this court. On May 19, 1988, we determined that the California order was unenforceable in Ohio due to Adams' lack of adequate notice of the December 24, 1986 hearing. See *Adams v. Young* (May 19, 1988), Greene App. No. 87–CA–0062, unreported, 1988 WL 53905.

Following our decision, Adams determined to relinquish custody of Russell to Young. We are unaware of the date of this occurrence.

On September 10, 1987, the Municipal Court of California, Santa Clara County, issued an arrest warrant for Adams. The warrant charges Adams with violating California Penal Code Section 278.5, which constitutes a felony. Section 278.5(b) states:

"Every person who has a right to physical custody of or visitation with a child pursuant to an order, judgment, or decree of any court which grants another person, guardian, or public agency right to physical custody of or visitation with that child, and who within or without the state detains, conceals, takes, or entices away that child with the intent to deprive the other person of that right to custody or visitation shall be punished by imprisonment in the state prison for 16 months, or two or three years, a fine of not more than ten thousand dollars ($10,000), or both; or by imprisonment in a county jail for a period of not more than one year, a fine of not more than one thousand dollars ($1,000), or both."

On July 8, 1988, the Governor of the state of Ohio issued a warrant of arrest for Adams, an "alleged fugitive from justice, who stands charged in Santa Clara County California with detention or concealment of a child in violation of a custody order." The warrant further instructed the Sheriff of

Greene County to bring Adams before an Ohio court and, if directed by that court, to extradite Adams to California.

Adams filed her petition for a writ of habeas corpus on August 8, 1988. Following a hearing, the trial court denied Adams' petition in a judgment entry of October 11, 1988.

In its decision, the trial court relied upon R.C. 2963.06, an exception to the rule set forth in R.C. 2963.03, which requires that a suspect be a fugitive from justice before Ohio will permit extradition. R.C. 2963.03 states, in pertinent part:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless the demand is in writing alleging, except in cases arising under section 2963.06 of the Revised Code, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state * * * [.]"

R.C. 2963.06 states:

"The governor may surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 2963.03 of the Revised Code with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, * * * even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

The trial court found that "[a]lthough Adams is not a fugitive [as defined in R.C. 2963.03], her actions in this case are within those defined by R.C. 2963.06. Adams' alleged affirmative act in this state was not allowing her son to visit his father in California." Further, the trial court found that Adams was charged with an offense under California law, that Adams was the individual named in the warrant, that extradition was not for the purpose of enforcing civil liability, and that the extradition documents were valid on their face. See *Carpenter v. Jamerson* (1982), 69 Ohio St.2d 308, 310–311, 23 O.O.3d 290, 292–293, 432 N.E.2d 177, 179–180.

It is from the denial of her petition for a writ of habeas corpus that Adams now appeals.

The first assignment of error sets forth the following:

"The trial court erred in determining that the extradition documents on their face are in order and that relator-appellant, Joanne S. Adams, is a fugitive, based upon the uncontroverted facts contained in the record."

Adams argues that R.C. 2963.06 has never before been applied to permit the extradition of an individual for failure to permit visitation. Rather, R.C. 2963.06 has been utilized to extradite individuals accused of aiding and abetting in the commission of out-of-state crimes, such as burglary or robbery. Further, Adams argues that Ohio statutes presently contain no criminal sanctions for the prevention of visitation and that they contain no exception to the requirement that an individual be a fugitive before he may be extradited. Adams' arguments are not well taken.

We first note that although there may exist no criminal sanctions in Ohio for prevention of visitation, it is not Ohio law, but California law, which concerns us here. R.C. 2963.06 specifically permits the extradition to another state of an individual who commits in Ohio an act which constitutes a crime in the other state. Additionally, R.C. 2963.06 contains an exception to the requirement of fugitivity set forth in R.C. 2963.03.

Finally, we find that R.C. 2963.06 has been applied to extradite an individual under circumstances analogous to those at bar. In *In re Harris* (1959), 170 Ohio St. 151, 10 O.O.2d 99, 163 N.E.2d 762, the Ohio Supreme Court decided whether, pursuant to R.C. 2963.06, a father in Ohio, who failed to support his child in Wisconsin, should be extradited to Wisconsin. In Wisconsin, failure to support a child constituted a criminal offense.

The *Harris* court discussed the fact that the father was not a fugitive from Wisconsin in that he was not present in that state when he committed a crime and did not flee from Wisconsin thereafter. Rather, at all pertinent times, the father was in Ohio. The *Harris* court explained:

"Prior to the adoption of the Uniform Extradition Act, it was possible to extradite only a criminal who could be said to be a 'fugitive,' *i.e.*, one who had been physically present in the state in which he committed a crime and had fled therefrom. To remedy this situation, several of the states enacted what is generally known as Section 6 of the Uniform Extradition Act. The Ohio enactment is Section 2963.06, Revised Code. * * * " *Id.* at 156, 10 O.O.2d at 101, 163 N.E.2d at 766.

Adams, like the father in *Harris*, remained in Ohio when she committed the alleged crime of preventing visitation. Nonetheless, pursuant to R.C. 2963.06, Adams' fugitivity is not at issue. The fact that she committed an act in Ohio which constitutes a crime in California is sufficient to permit her extradition.

The *Harris* court also discussed the issue of whether "one by failing to act in a particular regard commit[s] an act." *Id.* at 157, 10 O.O.2d at 102, 163 N.E.2d at 767. In the instant case, the issue becomes whether, by failing to permit visitation, Adams committed a crime pursuant to R.C. 2963.06. We decide this issue in the affirmative.

The *Harris* court, citing 45 Words and Phrases (Perm.Ed.) 246, described a wilful and wrongful act as "one done by a person of his own mind and with the purpose of doing another some wrong, *either by omission or commission*." (Emphasis *sic.*) *Id.* at 158, 10 O.O.2d at 103, 163 N.E.2d at 768. The *Harris* court then held:

"In our opinion, a person in Ohio who intentionally does nothing to support his child in another state, when under the laws of such other state he is required to do so, thereby 'commits an act' in Ohio which intentionally results in a crime in such other state, and he may be extradited therefor under Section 2963.06, Revised Code." *Id.* at 159, 10 O.O.2d at 103, 163 N.E.2d at 768.

Likewise, we hold that Adams' intentional failure to permit Young visitation with their son constituted an act resulting in a crime in the state of California. Pursuant to R.C. 2963.06, Adams may therefore be extradited. Adams' first assignment of error is overruled.

Appellant's second assignment of error states:

"The trial court's judgment entry denying relator-appellant's writ of habeas corpus is against the manifest weight of the evidence."

▮ Adams argues that because the state of Ohio failed to offer any evidence to rebut her evidence showing lack of fugitivity, she is entitled to a judgment in her favor. Adams cites *In re Rowe* (1981), 67 Ohio St.2d 115, 21 O.O.3d 73, 423 N.E.2d 167, in support of her position.

We find this argument to be without merit and the *Rowe* case to be inapposite. This is so because in the case at bar, fugitivity is not an issue. See discussion of R.C. 2963.06, *supra.* In *Rowe*, however, fugitivity constituted a central issue. In that case, the court considered whether, in a habeas corpus proceeding, petitioner's evidence of lack of fugitivity was sufficient to rebut the prima facie evidence of fugitivity contained in the arrest warrant issued by the Governor of Ohio.

Pursuant to R.C. 2963.06, the fact that Adams was not a fugitive from California at the time when she prevented the visitation is irrelevant. The facts of this case show that Adams did commit an act in Ohio which constituted a crime in California despite the truth of Adams' contention that the state of Ohio presented no evidence against her.

Adams' second assignment of error is overruled. The judgment of the trial court will be affirmed.

*Judgment affirmed.*

WOLFF, P.J., and WILSON, J., concur.