OPINION
This is an accelerated appeal taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Jerry Petrowski, appeals from the denial of his petition for a writ of habeas corpus. For the following reasons, we determine that the appeal is without merit and, thereby, affirm the judgment of the trial court.
On December 12, 1994, then Governor of Ohio George V. Voinovich issued a warrant for the arrest of appellant. The governor's warrant instructed Daniel A. Dunlap, the Lake County Sheriff, to bring appellant before an Ohio court and, if directed by that court, to extradite appellant to the State of Delaware.
The governor's warrant stemmed from a request for extradition that had previously been filed by the Governor of Delaware. In this request, Delaware alleged that appellant was a fugitive from justice because he had violated the terms of probation imposed on him by that state. Specifically, Delaware claimed that appellant telephoned his wife twice in violation of a "no contact" order while he was residing in a treatment facility in Cleveland, Ohio.
An extradition hearing was scheduled in the Painesville Municipal Court for December 20, 1994. Appellant failed to appear for the hearing. As a result, the municipal court issued a bench warrant for his arrest.
From the record, it appears that appellant was not arrested pursuant to the bench warrant until November 19, 1997. Following his arrest, appellant was temporarily incarcerated in the Lake County Jail pending his initial appearance before the municipal court on November 20, 1997. At the initial appearance, the municipal court informed appellant that he was arrested for his failure to appear at the 1994 extradition hearing. Appellant posted bond the same day and was released from jail.
On December 5, 1997, appellant filed a petition for a writ of habeas corpus in the Lake County Common Pleas Court ("the trial court"). In the petition, appellant claimed that he was entitled to the issuance of the writ because he was being unlawfully restrained of his liberty by the governor's warrant.
As grounds for this claim, appellant asserted that the extradition request filed by the Governor of Delaware was defective on its face because it alleged that he was present in that jurisdiction at the time he violated the terms of his probation. According to appellant, the governor's warrant which led to his arrest was also necessarily invalid since it was predicated upon the defective extradition request by Delaware.
After filing the petition, appellant moved the municipal court to transfer the record of the proceedings to the trial court so that he could obtain a ruling on the requested writ of habeas corpus. The municipal court granted the motion to transfer the case.
Upon receiving the case, the trial court held hearings on December 18, 1997 and January 21, 1998. During the course of these proceedings, the trial court addressed the propriety of the requested extradition in the context of considering appellant's petition for a writ of habeas corpus. On March 12, 1998, the trial court issued a judgment entry in which it denied the requested writ, thereby effectively ruling that appellant could be extradited to Delaware.
From this judgment, appellant filed a timely appeal with this court. On appeal, appellant now asserts the following assignment of error:
 "The Trial Court errored [sic] in its denial and dismissal of the Petition for Writ of Habeas Corpus."
The purpose of a habeas corpus proceeding is for the court to conduct an inquiry into whether the petitioner is being unlawfully restrained of his or her liberty at the present time.Ball v. Maxwell (1965), 1 Ohio St.2d 77, 78 ("To entitle one to relief by habeas corpus a determination of the action in petitioner's favor must effectuate a release from present confinement."); Tomkalski v. Maxwell (1963), 175 Ohio St. 377,378 ("Habeas corpus is directed only to present confinement."); Page v. Green (1963), 174 Ohio St. 178,179 ("The purpose of a proceeding in habeas corpus is to inquire into the legality of the present restraint of the petitioner."). In other words, habeas corpus will not lie if the petitioner is not presently confined.
Since the goal of a habeas corpus petition is to effectuate a release from present confinement, the petitioner must still be subjected to some form of custodial detention at the time the petition is adjudicated. If the petitioner's confinement in prison or jail has terminated, then the legality of such restraint can no longer be determined in a habeas corpus proceeding.
A petition for a writ of habeas corpus, therefore, becomes moot if the petitioner is released prior to its adjudication. Pewittv. Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472;McDonald v. Keiter (1971), 25 Ohio St.2d 281, 283. This holds true even though the petition was originally filed when the petitioner was subject to confinement.
In the case at bar, it appears that appellant was discharged from the Lake County Jail on November 20, 1997 after posting bond. As a result, appellant should not have filed the December 5, 1997 petition for a writ of habeas corpus because he was not incarcerated at that time. See In re Fincher (1958),107 Ohio App. 40, 42 (holding that when a petitioner is released on the giving of an appearance bond after being arrested on a criminal warrant, he is not restrained of his liberty so as to be entitled to a writ of habeas corpus). See, also, Stallings v. Splain (1920),253 U.S. 339, 343 (holding that a petitioner is not entitled to be discharged on habeas corpus if he applied for the writ after bail had been given).
The trial court could have simply dismissed the petition for mootness, but it chose to deny the writ on its merits. Either way, the trial court's disposition of the habeas corpus petition was not in error.
We turn now to the trial court's ruling on the extradition request of Delaware. The question presented is whether appellant can be subject to extradition for committing an act in the asylum state of Ohio which violated the terms of his probation in the demanding state of Delaware.
As an initial matter, it should be noted that an individual may be subject to extradition based solely on the violation of probation. The Supreme Court of Ohio has expressly held that "[t]he term `fugitive from justice' as contemplated by the extradition statutes includes an individual who violates the conditions of his probation." Carpenter v. Jamerson (1982),69 Ohio St.2d 308, paragraph two of the syllabus.
Appellant maintains that he is not subject to extradition because he allegedly violated the terms of his probation while living in Ohio. From appellant's perspective, he is not a fugitive from justice because he never actually fled from Delaware following the alleged violations of the terms of his probation. Given the lack of flight, appellant contends that he can not be extradited to the demanding state.
As a general matter, appellant is correct in stating that an accused must be a fugitive from justice before a demand for extradition will be recognized under Ohio law. In this regard, R.C. 2963.03 provides in pertinent part:
 "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless the demand is in writing alleging, except in cases arising under section 2963.06 of the Revised Code, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state * * *."
As R.C. 2963.03 suggests, however, cases arising under R.C. 2963.06 are an exception to the general rule. The latter statute reads as follows:
 "The governor may surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 2963.03
of the Revised Code with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and sections 2963.01 to 2963.27, inclusive, of the Revised Code, apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."
The Supreme Court of Ohio has described the intent behind R.C.2963.06 in this manner:
 "Prior to the adoption of the Uniform Extradition Act, it was possible to extradite only a criminal who could be said to be a `fugitive,' i.e., one who had been physically present in the state in which he committed a crime and had fled therefrom. To remedy this situation, several of the states enacted what is generally known as Section 6 of the Uniform Extradition Act. The Ohio enactment is Section 2963.06, Revised Code." In re Harris (1959), 170 Ohio St. 151, 156.
It is manifestly apparent that R.C. 2963.06 authorizes the extradition of an individual who commits an act in Ohio which constitutes a criminal offense in the demanding state. In reExtradition of Adams (1989), 63 Ohio App.3d 638, 642. As such, it stands as an express exception to the requirement of flight set forth in R.C. 2963.03.
R.C. 2963.06 is applicable to the case sub judice. Appellant committed an act in Ohio which constituted a violation of the terms of his probation in Delaware, to wit: he telephoned his wife in contravention of a "no contact" order issued by a Delaware court. It does not matter that appellant was not present in the demanding state when he violated his probation and, therefore, did not flee from that jurisdiction. Given the applicability of the exception codified in R.C. 2963.06, the issue of flight was inapposite.
Based on the foregoing analysis, appellant's assignment of error is not well-taken. Accordingly, the judgment of the trial court is affirmed.
_______________________________
JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.