OPINION
{¶ 1} Appellant Thomas Steyer, as Sheriff of Seneca County, brings this appeal from the judgment of the Court of Common Pleas of Seneca County granting appellee Lori Kinzey's ("Kinzey") writ of habeas corpus and denying the State's petition to extradite Kinzey to Arizona.
 {¶ 2} On April 19, 2000, Kinzey was arrested in Mesa Arizona for threatening to harm her child and herself. June 6, 2005, Tr., 43-44. Kinzey was taken to the psychiatric ward of a hospital where she remained for two days. Id. at 44-45. Kinzey was then released to a halfway house for six weeks where she received counseling. Id. at 46. When Kinzey was released from the halfway house, she obtained an apartment and began to receive services from children protective services ("CPS"). Id. at 47. At that time, her son was returned to her under supervision by CPS through Jewish Family Social Services. Id. The supervision continued for four months with visits occurring three times a week during that period. Id. at 51. At the conclusion of the visits, Kinzey was informed by the director of CPS in Maricopa County, that her case would be closed in two years as long as no additional problems arose. Id. Kinzey was then allowed to continue her life without supervision. Id. Kinzey remained at the same address for another year. Then she moved to another house in the same county and updated her address with CPS and social security, which was providing aid for her son's medical problems. Id. at 52, 55. In February, 2002, Kinzey moved to Kingman, Arizona, where she resided until August 9, 2002, when she moved to Ohio. Id. at 58. While in Kingman, Kinzey continued to receive social security benefits for her son and early intervention help from the state. These agencies were aware of her address at the time. Id. At no time did anyone inform Kinzey that she was under investigation, that she would be charged with a crime, or that she should not leave Arizona. Id. at 56.
 {¶ 3} After flying to Columbus, Ohio via a commercial flight, Kinzey and her son resided with her parents in Ohio. Id. at 59-60. She changed her address for social security and applied for aid for her son through Job and Family Services. Id. at 60. Kinzey's application for Medicaid for her son was approved in Ohio on August 22, 2002. Kinzey moved with her parents to Seneca County and applied for additional services through Seneca County Job and Family Services.
 {¶ 4} While living in Ohio, Kinzey applied to obtain a State Tested Nursing Assistance License through the Bureau of Vocational Rehabilitation. Id. at 66. A criminal background check was completed. Id. at 67. She was fingerprinted and no criminal history was found. Id. Kinzey also obtained a driver's license in Ohio on July 19, 2003. Id. Since December of 2002, Kinzey has remained at the same residence in Seneca County. Id. at 68.
 {¶ 5} On October 2, 2002, the State of Arizona issued a complaint charging Kinzey with Child Abuse, a class 2 felony. On February 24, 2005, Kinzey was working caring for an elderly client and parked her car in the client's drive. The police drove by and saw her car parked where no car is usually parked. Id. at 77. The officer was concerned about the car and "ran" the license plate number. Id. The car was registered to Kinzey at her current address. Id. The officer learned that Kinzey had an outstanding charge in Arizona. Id. At that time, the officer arrested Kinzey on the outstanding charge. Id. No offense was committed in Ohio. Id. A warrant for her arrest was issued by the State of Arizona on March 1, 2005. On March 2, 2005, a hearing was held on the warrant and Kinzey was released upon her own recognizance. An extradition hearing was held on June 6, 2005. On July 5, 2005, the State of Ohio filed a motion to extradite. Kinzey filed her response on July 29, 2005. On November 18, 2005, Kinzey filed a petition for a writ of habeas corpus pursuant to R.C. 2725.04. On December 16, 2005, the State of Ohio filed a motion to dismiss the petition for a writ of habeas corpus and a second motion for extradition. A hearing was held on both motions on December 28, 2005. On March 3, 2006, the trial court entered judgment granting the writ of habeas corpus and denying the motion for extradition. The State of Ohio appeals from this judgment and raises the following assignment of error.
The trial court erred in granting [Kinzey] a writ of habeascorpus.
 {¶ 6} This court notes initially that although the judgment entry grants the writ of habeas corpus and denies the State's motion for extradition, the State only assigns error to the granting of habeas corpus. Additionally, the State only requests that this court reverse the judgment granting the writ of habeas corpus and does not ask for relief from the portion of the judgment denying the motion for extradition. Thus, pursuant to App. R. 12(A)(1)(b), this court will only address the assignment of error for granting the writ of habeas corpus.
 {¶ 7} A person who is either imprisoned or restrained of liberty may file an application for a writ of habeas corpus. R.C.2725.04. As part of the application, the petitioner shall include the name of the person being restrained, the name of the person who is restraining the petitioner, the place where the petitioner is restrained, and a copy of the cause of the detention. Id. Generally, when a person has been released upon bond, that person is not under physical restraint as he or she is free to come and go as they please, subject to appearing for trial. In reFincher (1958), 107 Ohio App. 40, 156 N.E.2d 337. "[B]efore one can successfully seek a writ of habeas corpus, he must be actually restrained of his liberty, and * * * unless there is the actual or physical restraint of a person, the writ will not issue." Id. at 42.
 {¶ 8} Here, the evidence reveals that Kinzey was arrested on the warrant. She was subsequently released on bond and was no longer restrained of her liberty. Thus, Kinzey was not entitled to the relief offered by a writ of habeas corpus. For this reason, the assignment of error is sustained.
 {¶ 9} The judgment of the Court of Common Pleas of Seneca County is reversed as to the writ of habeas corpus. Since no appeal was taken as to the denial of the motion to extradite, that portion of the judgment is affirmed.
Judgment affirmed in part and reversed in part.
 Rogers and Shaw, JJ., concur.