Anthony Earl WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 62935.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 12, 1979.

Robert T. Baskett, Dallas, court appointed on appeal only, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds, Hugh Lucas, Jr. and Martin L. Lenoir, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This appeal is from an order revoking probation. On December 4, 1975, appellant pled guilty in a bench trial to the offense of burglary of a habitation, and his punishment was assessed at five (5) years' imprisonment, probated.

Subsequently a motion to revoke probation was filed, a hearing thereon was held and probation was revoked. Sentence was imposed and notice of appeal was given.

On appeal the appellant contends that the judgment must be reversed and the revocation must be dismissed because he was not given a hearing within twenty (20) days following his motion for such hearing in accordance with Article 42.12, § 8(a), V.A.C. C.P.

Said § 8(a) of Article 42.12, supra, provides in pertinent part:

"If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing *within twenty days of filing of said motion*, and after a hearing without a jury, may either continue, modify, or revoke the probation. *The court may continue the hearing for good cause shown by either the defendant or the state.*" (Emphasis supplied.)

On May 7, 1979, a report of probation violation was filed with the court stating that appellant was reported to have committed the offenses of burglary of a building and possession of marihuana, one of the offenses allegedly committed in an adjoining county. On that very same day, the appellant filed a motion requesting a speedy revocation hearing pursuant to Article 42.12, § 8(a), supra.

On May 25, 1979, the State filed its motion to revoke probation alleging the appellant had committed the above described offenses in violation of probation. On the very same day the revocation hearing commenced. The State presented appellant's probation officer as a witness, then asked

for a "continuance" or postponement until other witnesses from out of the county could be obtained. Four days later on May 29, 1979, the court concluded the hearing and revoked probation. Appellant does not challenge the sufficiency of the evidence to sustain revocation.

What appellant complains of is that while the revocation hearing commenced within eighteen (18) days of his motion for a speedy hearing under Article 42.12, § 8(a), that it was "continued" for four days without good cause being shown and that it was twenty-two (22) days before it commenced again and was concluded.

What appellant overlooks is that the express language of said Article 42.12, § 8(a), provides that upon motion of a probationer he is entitled to a hearing within twenty (20) days of the filing of the State's motion to revoke probation. Here the motion for speedy hearing was filed on the same date as the report of probation violation. The revocation motion was not filed until May 25, 1979, and on that very day the hearing was commenced. After some testimony, it was passed for four days and then commenced and concluded. It clearly appears from the record before us that the revocation hearing commenced within twenty (20) days of the filing of the motion to revoke probation. We decline to hold that a probationer may trip the timetable provided by filing a motion for speedy revocation hearing prior to the filing of the State's motion to revoke probation and count the twenty (20) days from the filing of his motion rather than from the filing of the State's motion to revoke probation.

For the reasons stated, we find no abuse of discretion. The judgment is affirmed.