Jose Luis AGUILAR aka Raul Y. Aguirre, Appellant,

v.

The STATE of Texas, Appellee.

No. 66534.

Court of Criminal Appeals of Texas, En Banc.

Sept. 23, 1981.

Weldon S. Copeland, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and R. Bradford Stiles, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Aguirre appeals the revocation of his probation and the imposition of a ten-year sentence, which had been suspended after he pleaded guilty to burglary of a habitation.

The appellant contends that the State's motion to revoke his probation must be dismissed because of a violation of Article 42.12, Section 8(a), V.A.C.C.P. Section 8(a) provides that upon motion of a defendant who is incarcerated for an alleged probation violation the trial court shall hold a hearing on the State's motion to revoke probation within twenty days. The appellant contends that the trial court failed to comply with this requirement. The following chronology is relevant:

December 11, 1979----The State filed a motion to revoke the appellant's probation; the appellant was arrested and incarcerated for the alleged violation of the terms of his probation.

January 21, 1980------The appellant requested a hearing on the State's motion to revoke probation.

January 24, 1980------The State's request to dismiss the motion to revoke the appellant's probation because of "insufficient evidence" was granted by the trial court; the State filed a "first amended" motion to revoke.

March 13, 1980------The trial court heard the State's "first amended" motion to revoke the appellant's probation.

▇ In considering whether the State violated the twenty-day requirement provided by Section 8(a), we are confronted with the initial question of when the statutory time limit begins to run. In *Williams v. State*, 590 S.W.2d 709, 710 (Tex.Cr.App. 1979), a panel of this Court stated:

"[T]he express language of said Article 42.12, § 8(a), provides that upon motion of a probationer he is entitled to a hearing within twenty (20) days of the filing of the *State's motion to revoke probation* . . . . We decline to hold that a probationer may . . . count the twenty (20) days from the filing of his motion rather than from the filing of the State's motion to revoke probation." (Emphasis added.)

Article 42.12, Section 8(a) V.A.C.C.P. provides in part:

"Sec. 8. (a) At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. Any probation officer, police officer or other officer with power of arrest may arrest such defendant without a warrant upon the order of the judge of such court to be noted on the docket of the court. A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. If the defendant has not been released on bail, *on motion by the defendant* the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of *said motion,* and after a hearing without a jury, may either continue, modify, or revoke the probation." (Emphasis added.)

The language of Section 8(a) creates an ambiguity as to when the twenty-day time limit commences. The problem of construction created by the statutory language is in determining whether the term "said motion" refers to the defendant's motion requesting a hearing or the State's motion to revoke probation. The word "said," when used as an adjective, means "aforementioned." Thus the fifth sentence of Section 8(a) requires the trial court to conduct a hearing within twenty days of the filing of the "aforementioned motion." The defendant's motion is the only aforementioned motion. Section 8(a) does not refer to the State's motion to revoke until after its provision for a hearing within twenty days. We therefore conclude that the proper construction of Section 8(a) is that upon motion of the defendant the trial court shall cause the defendant to be brought before it for a hearing within twenty days of the filing of

the *defendant's motion.*[1] To the extent that it is in conflict, *Williams v. State*, 590 S.W.2d 709 (Tex.Cr.App.1979), is overruled.

■ In the instant case the twenty-day requirement of Section 8(a) was triggered on January 21, 1980 by the filing of the appellant's request for a hearing on the State's motion to revoke. The record reflects that no hearing was held within twenty days of this request and that the appellant remained in jail.[2] Thus the appellant contends that the trial court erred in revoking his probation. The State, however, asserts that the trial court's failure to cause the appellant to be brought before it for a hearing within twenty days of the filing of his request was not a violation of Section 8(a). It is the State's contention that the twenty-day time limit which began to run on January 21, was tolled three days later when the trial court dismissed the original motion to revoke. The State further contends that the time limit did not begin to run as to the "first amended" motion to revoke because as to the amended motion the appellant's request was prematurely filed.[3] In other words it is the State's position that each time a motion to revoke is dismissed and a substitute motion is filed, it is incumbent upon the probationer to trigger a new twenty-day time limit by filing another request for a speedy revocation hearing. We reject the State's contentions.

The twenty-day requirement of Section 8(a) was intended to provide probationers who are not released on bail protection against excessive pre-hearing confinement. Such a safeguard should not be subject to manipulation by the State. To hold that the state could recommence the twenty-day time limit by simply abandoning a motion to revoke and filing an amended motion would effectively eliminate the protection guaranteed by Section 8(a). This we decline to do. We also decline to hold that a probationer who is incarcerated for an alleged probation violation must await the filing of the State's motion to revoke before he can trigger the twenty-day requirement. This would allow a total avoidance of the statutory provision in cases where the State delayed in filing its motion to revoke following a probationer's arrest. Rather we hold that a probationer who is incarcerated for an alleged violation of the conditions of his probation may at any time after his arrest request a speedy revocation hearing pursuant to Article 42.12, Section 8(a), V.A. C.C.P. When such a request is made the trial court shall cause the probationer to be brought before it within twenty days, provided that the probationer has not been released.

■ In the case at hand the appellant properly invoked the protection of Section 8(a), but the trial court failed to conduct a hearing within twenty days of the appellant's request. This was a violation of Article 42.12, Section 8(a) V.A.C.C.P. Thus the question presents itself as to the appropriate relief for such a violation. The appellant, relying upon *Ex parte Trillo*, 540 S.W.2d 728 (Tex.Cr.App.1976),[4] prays that

1. The potential for abuse that would exist if the twenty days were counted from the filing of the State's motion to revoke is demonstrated by the instant case. The appellant requested a hearing more than twenty days after the filing of the State's original motion to revoke. Under the rule announced in *Williams v. State*, 590 S.W.2d 709 (Tex.Cr.App.1979), the appellant would have been entitled to have the motion to revoke his probation dismissed the moment he requested a hearing pursuant to Section 8(a).

2. The State contends that the appellant failed to show that he was not released on bail. The record adequately reflects that the appellant remained in jail while awaiting a hearing on the State's motion to revoke probation.

3. The State argues that to be of any effect the probationer's motion requesting a hearing must be filed after the filing of the motion to revoke probation.

4. In *Ex parte Trillo* we said (540 S.W.2d at 731–732) (footnote omitted):
"It is clear that the only relief compatible with the mandatory language and legislative purpose of Section 8(a) is to dismiss the motion to revoke if the twenty-day requirement is not complied with, and we so hold. However, we also hold that such a dismissal is without prejudice to the State's right to file another motion to revoke . . . ."

the judgment of the trial court be reversed and that the State's motion to revoke probation be dismissed. This we decline to do for the following reasons.

■ Article 42.12, Section 8(a) V.A.C.C.P. provides a probationer accused of violating the terms of his probation a statutory right to demand and secure a prompt revocation hearing in the event he is not released on bail. In adopting Section 8(a), it was the intent of the Legislature that a probationer, after asserting this statutory right, spend no more than twenty days in jail awaiting a revocation hearing. If, as relief for a violation of the twenty-day requirement, the motion to revoke is dismissed without prejudice the probationer may be required to spend additional time in jail awaiting the State's second attempt to revoke his probation. "Relief" granted because of excessive pre-hearing confinement[5] should not force the appellant to endure more pre-hearing confinement, yet that is the most likely consequence of dismissing the motion to revoke without prejudice. Further, Article 42.12, Section 8(a) V.A.C.C.P. contemplates that a defendant may be arrested and detained in jail on a warrant for violation of probation even though a motion to revoke has not been filed. Since the twenty-day time limit for a hearing can be triggered prior to the filing of the State's motion to revoke probation, it is possible for the twenty days to pass before any motion to revoke is filed. In such cases some remedy other than dismissing the motion to revoke is required. We therefore conclude that the remedy chosen in *Ex parte Trillo* and requested by the appellant in the instant case is not compatible with the legislative purpose of the statute. To the extent that it is in conflict with this opinion, *Ex parte Trillo*, 540 S.W.2d 728 (Tex.Cr.App.1976), is overruled.

■ In determining the appropriate relief to be granted for a violation of the twenty-day requirement we begin with an examination of the duty imposed upon the trial court by Section 8(a). The pertinent language of the statute provides:

"If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion . . . ." (Emphasis added.)

Although mandatory, the twenty-day requirement of Section 8(a) is applicable only "[i]f the defendant has not been released." The trial court is relieved of its duty to provide a hearing within twenty days of the defendant's request when the defendant is released from jail. Thus we conclude that the trial court may comply with the statute's prohibition against excessive pre-hearing confinement by either conducting a hearing within the twenty-day period provided or by releasing the defendant. Not only is such choice of action consistent with the language of the statute, it is also compatible with the legislative purpose of Section 8(a). Regardless of whether he is granted a timely hearing or released from jail, the defendant will not be subjected to excessive pre-hearing confinement.

■ In the event the trial court chooses to proceed with a hearing and the State announces not ready at the end of the twenty-day period, the defendant must be released from jail for the alleged violation of probation.[6] The trial court, in its discretion, may release the defendant by granting personal bond, reducing the amount of bail required, dismissing the motion to revoke, or withdrawing the warrant. *Cf.* Article 17.151 V.A.C.C.P. If the motion to revoke is dismissed the State may file a new motion, but in no event may a defendant who has properly asserted his statutory right to

---

5. In the context of a violation of Section 8(a), "excessive pre-hearing confinement" has been defined by the Legislature as confinement without a hearing on the State's motion to revoke probation for more than twenty days from the filing of the defendant's request for such a hearing.

6. Of course the defendant could remain in jail if he were also confined under the authority of another valid restraint, such as a capias or warrant on a criminal charge.

a prompt revocation hearing be held in jail without such a hearing for more than twenty days from the filing of his request, including any time spent in jail awaiting a hearing on a prior motion to revoke if the amended or substitute motion alleges the same violation or any other violation the State could have discovered by the use of reasonable effort at the time the original motion to revoke was filed.

 The duty imposed upon trial courts by Section 8(a) is clear; the statute's application is mechanical. When confronted with a request for a speedy revocation hearing pursuant to Section 8(a), the trial court shall conduct a hearing within twenty days of the request or release the defendant. If the trial court fails to comply with the statute's requirements the defendant may attack the legality of his confinement by means of the writ of habeas corpus. *Ex parte Trillo*, 540 S.W.2d 728 (Tex.Cr.App. 1976); see Articles 11.01 and 11.23 V.A.C.C.P. However the defendant may not await the revocation of his probation and then present a violation of the twenty-day requirement of Section 8(a) as a ground of error on appeal. Such a violation is not "error" which taints the trial court's decision to revoke the probation and therefore mandates a reversal of the judgment. A violation of Section 8(a) merely amounts to unlawful prehearing confinement. Once the defendant's probation has been revoked he cannot be protected against such confinement. Thus we conclude that relief must be obtained, if at all, prior to the revocation of the defendant's probation. This the appellant in the case at hand failed to do. Accordingly the first ground of error is overruled.

 The appellant's second ground of error states: "The absence of a record [7] of Appellant's trial requires a reversal of Appellant's conviction." This contention is without merit for several reasons. First, there is no evidence in the record indicating that a transcription of the guilty plea hear-

ing in unavailable. Second, the appellant has not demonstrated a need for this statement of facts, identified the relevance it has to the instant appeal, or shown any harm suffered. Third, the record does not reflect whether the appellant designated the statement of facts for inclusion in the record. Fourth, the appellant failed to object to the record as provided by Article 40.09(7) V.A.C.C.P. The authorities relied upon by the appellant are inapplicable to the instant case; the statements of facts which were unavailable in those cases related to proceedings from which appeals were sought. The appellant's ground of error is overruled.

The judgment is affirmed.

---

7. We construe the appellant's ground to complain of an absence of a statement of facts from the guilty plea hearing. The record in the instant cause contains all of the applicable documents required by Article 40.09(1) V.A.C.C.P.