James Michael ROBERTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 67378.

Court of Criminal Appeals of Texas.

Feb. 3, 1982.

M. P. Duncan, III, Denton, for appellant.

Jerry W. Cobb, Dist. Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from an order revoking probation.

Appellant contends the trial court abused its discretion in denying his motion to dismiss the revocation of probation proceedings when the motion to revoke was not heard within the twenty (20) day period imposed by Article 42.12, Section 8(a), V.A. C.C.P., which provides in part:

"Sec. 8(a). At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. . . . A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. . . . If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either con-

tinue, modify, or revoke the probation. . . ."

On August 14, 1980, the State filed a motion to revoke appellant's probation. On September 10, 1980, an amended motion to revoke was filed. On September 17, 1980, appellant filed a motion requesting a hearing within twenty days in accordance with Section 8(a), supra. Although it is not completely clear from the record, it appears that on October 12, 1980, the State announced to the court it was going to dismiss the pending motion to revoke and refile. A written order dismissing the first amended motion to revoke probation was entered on October 15, 1980, but the State had filed a second amended motion to revoke on October 13, 1980, upon which the revocation hearing was held on October 15, 1980.

The recent case of *Aguilar v. State*, 621 S.W.2d 781 (Tex.Cr.App.1981), held that the twenty day period discussed in Section 8(a) is triggered by the filing of the defendant's motion for hearing. In the instant case, appellant filed his motion for hearing on September 17, 1980. The twenty day period therefore had run on Tuesday, October 7, 1980. No hearing was held within that time period and appellant remained in jail. This was a violation of Section 8(a).

The statute is silent as to the proper remedy once the twenty day period has passed without a hearing. Until *Aguilar*, it was thought the proper remedy was reversal of the trial court judgment and dismissal of the motion to revoke probation. See *Ex parte Trillo*, 540 S.W.2d 728 (Tex.Cr. App.1976). But, the Court in *Aguilar* noted that the purpose of the twenty day requirement of Section 8(a) is "to provide probationers who are not released on bail protection against excessive pre-hearing confinement." *Aguilar v. State*, supra, at 784. The opinion goes on to say:

"... If the trial court fails to comply with the statute's requirements the defendant may attack the legality of his confinement by means of the writ of habeas corpus. *Ex parte Trillo*, 540 S.W.2d

728 (Tex.Cr.App.1976); see Articles 11.01 and 11.23, V.A.C.C.P. However, the defendant may not await the revocation of his probation and then present a violation of the twenty-day requirement of Section 8(a) as a ground of error on appeal. Such a violation is not 'error' which taints the trial court's decision to revoke the probation and therefore mandates a reversal of the judgment. A violation of Section 8(a) merely amounts to unlawful prehearing confinement. Once the defendant's probation has been revoked he cannot be protected against such confinement.

Thus we conclude that relief must be obtained, if at all, prior to the revocation of the defendant's probation." 621 S.W.2d at 786.

In the instant case, appellant has waited until the appeal of his conviction to attempt to obtain relief for violation of Article 42.-12, Section 8(a), V.A.C.C.P. Appellant's proper remedy would have been to file an application for writ of habeas corpus while he was in jail awaiting the revocation hearing. In accordance with *Aguilar*, we overrule appellant's ground of error.

The judgment is affirmed.