NOS.
12-09-00388-CR

     
12-09-00389-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

TERRY
DWAIN TURNER,                              '                 APPEALS FROM THE

APPELLANT

 

V.                                                                         '                 COUNTY COURT AT
LAW #3

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

Terry
Turner appeals from the trial court’s denial of his petition for a writ of
habeas corpus.  The State did not file a brief.  We affirm. 

 

Background

Appellant
was arrested by the City of Tyler Police Department on or about August 10,
2007, for the misdemeanor offense of harassment.  Appellant alleges that he was
charged with that offense in two separate cases.  Specifically, he alleges that
he was charged with violating the part of the statute which makes it an offense
for a person to, “with intent to harass, annoy, alarm, abuse, torment, or
embarrass another, . . . cause[] the telephone of another to ring repeatedly or
make[] repeated telephone communications anonymously or in a manner reasonably
likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.”[1]
 

On
August 17, 2009, Appellant filed a pretrial petition for writ of habeas corpus
in which he alleged that he was restrained in his liberty because he was under
bond.  Appellant asked the trial court to find the statute unconstitutional and
to “dismiss the indictment.”  The trial court denied relief following a
hearing.  This appeal followed.

 

Writ of Habeas Corpus

In
one issue, Appellant asserts that the section of the harassment statute which
makes it an offense to place certain kinds of unwanted telephone calls is
facially unconstitutional.  Specifically, he argues that the statute is vague
and therefore overbroad and violative of the free speech protections contained
in the First Amendment to the United States Constitution.  

Prerequisites
of a Writ of Habeas Corpus

A
writ of habeas corpus is a remedy to be used when any person is “restrained in
his liberty.”  Tex. Code Crim. Proc.
Ann. art. 11.01 (Vernon 2005).  The judges of the court of criminal
appeals, the district courts, and the county courts have the power to issue the
writ of habeas corpus.  Tex. Code Crim.
Proc. Ann. art. 11.09 (Vernon 2005).  A petition for a writ of habeas
corpus must state that the applicant is restrained in his liberty, must include
a prayer for relief, and must be made under oath.  See Tex. Code Crim. Proc. Ann. art. 11.14
(Vernon 2005).  Every provision relating to the writ of habeas corpus is to be
“most favorably construed in order to give effect to the remedy, and protect
the rights of the person seeking relief under it.”  Tex. Code Crim. Proc. Ann. art. 11.04 (Vernon 2005).

            A
county court at law has the power to issue a writ of habeas corpus when a
person is restrained by an “accusation or conviction of misdemeanor.”  See Ex
parte Schmidt, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003) (harmonizing
Article V, section 16 of the Texas Constitution, Section 25.0003(a) of the
Government Code, and Article 11.05 of the Code of Criminal Procedure).  It is
not required that the applicant for a writ of habeas corpus be actually
confined in a jail.  Ex parte Williams, 690 S.W.2d 243, 244 (Tex.
1985).  Any character of restraint, including being placed on bond, that
precludes absolute and perfect freedom of action will justify the issuance of
the writ.  See Hensley v. Municipal Court, 411 U.S. 345, 352, 93
S. Ct. 1571, 1575, 36 L. Ed. 2d 294 (1973); Ex parte Trillo, 540
S.W.2d 728, 731 (Tex. 1976), overruled on other grounds, Aguilar
v. State, 621 S.W.2d 781, 785 (Tex. Crim. App. 1981).

The
writ applicant bears the burden of demonstrating that he is entitled to relief. 
The decision to grant or deny habeas corpus relief is a matter of discretion,
which will not be disturbed on appeal unless the trial court acted without
reference to any guiding principles.  Id.; See Ex
parte Alt, 958 S.W.2d 948, 950 (Tex. App.–Austin 1998, no pet.).  A
defendant may bring a claim that a statute “under which he or she is prosecuted
is unconstitutional on its face” in a pretrial petition for writ of habeas
corpus.  See Ex parte Weise, 55 S.W.3d 617, 620 (Tex.
Crim. App. 2001).

Analysis

In
Scott v. State, 298 S.W.3d 264, 273 (Tex. App.–San Antonio 2009,
pet. granted), the court of appeals held that the part of the harassment
statute which pertains to unwanted telephone calls was unconstitutional.  In
his brief, Appellant adopts that decision as his argument[2]
and makes no
additional arguments.  After Appellant filed his brief, the Texas Court of
Criminal Appeals overruled the Scott decision.  See Scott
v. State, 322 S.W.3d 662, 671 (Tex. Crim. App. 2010).

Though
the Scott decision demonstrates that Appellant’s claim is without
merit, we cannot be sure this is the question the trial court decided in this
case.  Appellant has alleged in various parts of his pleadings and briefs that
he was charged by information, by indictment, and that he is on pretrial bond. 
However, the appellate record does not indicate that Appellant was ever charged
by information or by indictment with any offense nor does it reveal that he was
released on bond.[3]
 No indictment
or information appears in the appellate record.[4]  The record contains a computer
generated docket and a handwritten docket.  The computer generated docket has a
section entitled “Charge Information.”  In that section, the docket lists an
arrest by the “Tyler Police Department” for the offense of harassment.  The
docket does not show that an actual charge was filed or presented.  The docket
contains an entry for a date on which the case was “Filed” and an entry for
“Status.”  The “Status” is recorded as “Filed” and the date is recorded as
“08/17/2009,” which is the same date Appellant’s writ petition was filed.  The
first entry in the handwritten docket pertains to Appellant’s writ petition. 

In
sum, we cannot conclude that Appellant has demonstrated that he was under any
restraint at the time the trial court denied relief.  The record contains no
evidence that Appellant was ever charged with an offense or that he was on
pretrial bond at the time he filed his petition for writ of habeas corpus. 
Furthermore, Appellant filed his petiton outside the two year statute of
limitations for a misdemeanor offense.  See Tex. Code Crim. Proc. Ann. art. 12.02 (Vernon Supp. 2010). 
Accordingly, based on the record before us, we cannot conclude that the trial
court erred if it determined Appellant was not restrained at the time he filed
his writ.  Because restraint is a prerequisite to habeas corpus relief, we
overrule Appellant’s sole issue.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the judgment of the
trial court.

 

 

                                                                   James
T. Worthen                                                                                          
                               Chief Justice

 

 

 

Opinion
delivered February 28, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 


)









[1]
Tex. Penal Code Ann. §
42.07(a)(4) (Vernon 2003). 





[2] Appellant’s
adoption of this opinion as his own argument is formal.  In his brief,
Appellant forthrightly suggests that the “argument section of this brief could
simply put quotes around” the Scott decision.

 





[3]
The appellate record does not contain a reporter’s record. 

 





[4] Appellant
specifically requested a copy of the “complaint” in his request for a clerk’s
record.  No complaint was included in the appellate record.  At our direction,
an employee of this court’s clerk’s office asked the county clerk’s office to
provide a copy of the charging information.  The clerk’s office reported that
the trial court’s record did not contain a charging instrument.