# NO. 12-11-00154-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BRAD COURTNEY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

In this original proceeding, Relator Brad Courtney has filed a petition for writs of mandamus and prohibition along with an affidavit, supplemental briefing, and an appendix. Relator is on deferred adjudication community supervision for an offense in Nacogdoches County, and he has filed this original proceeding to prevent the trial court from considering a motion to adjudicate his guilt.

### BACKGROUND

According to the documents filed with Relator's petition, he pleaded guilty to the offense of unauthorized use of a vehicle in October 2003. The trial court accepted his plea, deferred adjudication[1] of his guilt, and placed him on community supervision for a period of five years. Relator pleaded guilty to the offense of assault in the second degree in the State of Missouri in August 2006 and was assessed a three year prison sentence. He also pleaded guilty to the offense of property damage in the first degree. He was assessed a six year prison sentence for that offense, and the sentences for the two offenses were ordered to be served consecutively.

According to the documents in Relator's appendix, these offenses were committed on October 5, 2005. On October 25, 2005, the Nacogdoches County Sheriff's Office informed the Missouri Department of Corrections that it had a warrant for Relator for a "probation violation"

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 2(2)(A), 5 (West Supp. 2010).

on the unauthorized use of a vehicle case. Relator asserts that he has not been transferred to Nacogdoches County for a hearing on alleged violations of the terms of his community supervision. According to his submission, he has filed motions to dismiss the revocation proceeding, and the trial court has "not adjudicated" or has "denied" the motions.

## PREREQUISITES TO EXTRAORDINARY RELIEF

To obtain mandamus relief in a criminal case, a relator must demonstrate that he does not have an adequate remedy at law to redress an alleged harm and that the act he seeks to compel is ministerial, that is not involving a discretionary or judicial decision. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either aspect of this two part test, mandamus relief should be denied. *Id*. Additionally, a relator must furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a).

A writ of prohibition in an appellate court is a limited purpose remedy. *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.–Texarkana 2007, orig. proceeding). The writ is used to protect the subject matter of an appeal or to prohibit an unlawful interference with enforcement of a superior court's order and judgments. *See Sivley v. Sivley*, 972 S.W.2d 850, 863 (Tex. App.–Tyler 1998, orig. proceeding) (combined appeal and original proceeding). As pertinent here, a writ of prohibition will issue to prevent a lower court from interfering with a higher court in deciding a pending appeal. *Id*. at 863. Prohibition is not appropriate if any other remedy, such as appeal, is available and adequate. *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 404 (Tex. App.– Tyler 2006, orig. proceeding).

## AVAILABILITY OF EXTRAORDINARY RELIEF

Relator has not shown that he is entitled to relief. In order to show a "clear right to the relief sought," a relator must show that the "the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (citations and quotations omitted). Relator argues, citing *Overstreet v. State*, No. 12-08-00252-CR, 2009 Tex. App. LEXIS 2929 (Tex. App.–Tyler April 30, 2009, no pet.) (mem. op., not designated for publication), and *State ex rel. Latty v. Owens*, 907 S.W.2d 484

(Tex. 1995), that any revocation of his suspended sentence at this time would be a void act by the trial court. We disagree.

As we explained in the *Overstreet* opinion, a trial court loses jurisdiction at the expiration of the term of community supervision if a motion to revoke has not been filed and a capias or warrant has not been issued. *Overstreet*, 2009 Tex. App. LEXIS 2929, at *3 ("The trial court, however, retains jurisdiction to proceed with an adjudication of guilt, despite the expiration of the term of community service imposed, if before the expiration the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant."). This conclusion is based on Article 42.12, Section 5(h), Texas Code of Criminal Procedure, which expressly extends a trial court's jurisdiction beyond the period of community supervision only when both a motion to proceed to adjudication and a capias have been filed.

In this case, it appears that a capias has been issued, and it is reasonable to conclude that a motion to proceed to adjudication has been filed.[2] In fact, Relator concedes that a hold has been placed on him as a result of the warrant from Nacogdoches County. The warrant was obtained and served in 2005, and Relator's community supervision was not scheduled to expire until 2008. Accordingly, because a motion to proceed to adjudication was filed and a warrant obtained and served before the expiration of his term of community supervision, Relator has not shown that the trial court lacks jurisdiction to proceed to adjudication in this matter.

Nor has Relator shown that the State is barred from proceeding to adjudication in this case on due diligence grounds. Relator complains that the State and the trial court have failed to compel his appearance and to adjudicate this matter despite his being "available" for several years. This conveniently sidesteps the fact that Relator is, by his admission, in prison in the State of Missouri. Without more, we cannot know if his imprisonment in that jurisdiction has been an impediment to returning Relator to Nacogdoches County for an adjudication hearing.

As we explained in *Fuller v. State*, No. 12-07-00424-CR, 2008 Tex. App. LEXIS 6735, at *5 (Tex. App.–Tyler Sept. 3, 2008, pet. ref'd) (mem. op., not designated for publication), the legislature removed due diligence defenses for community supervision revocations except for instances in which the state seeks to revoke a suspended sentence on the grounds that the defendant failed to report or failed to remain in a specific place. *See id*., 2008 Tex. App. LEXIS

---

[2] Relator has not included a copy of a motion to adjudicate. He does not assert that a motion to adjudicate has not been filed, and we think it uncontroversial to conclude that such a motion had been filed before the sheriff could obtain a warrant for a "probation revocation."

3

6735 at *8–9 (referencing TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24 (West Supp. 2008). Relator has not provided this court with a copy of the motion to adjudicate, but a fair reading of the record leads to the conclusion that the motion was filed because he committed additional offenses and not because of a failure to report or to remain in a specific place.

There is a statutory provision whereby a defendant can compel a hearing on alleged violations of community supervision. Section 21(b) of Article 42.12, Texas Code of Criminal Procedure, provides that a defendant arrested and detained in the county jail (or other appropriate place of confinement) for revocation of community supervision may file a motion to cause the judge to bring the defendant before the judge for a hearing within twenty days. By its terms, Section 21(b) applies to revocations of community supervision where guilt has been adjudicated. However, Section 5(b), which specifically addresses revocation of deferred adjudication community supervision, provides that a defendant may be arrested and detained as provided in Section 21, Texas Code of Criminal Procedure. Section 21(b) does not entitle Relator to relief in the proceeding. First, he is not confined in the county jail, which is a precondition for an inmate to file a motion pursuant to Section 21(b). Second, while Relator has filed two motions to dismiss the proceedings, he has not filed a motion for a hearing. Finally, even if Relator did file a motion for a hearing, his remedy if a hearing is not held is to file an application for writ of habeas corpus. *See Aguilar v. State*, 621 S.W.2d 781, 786 (Tex. Crim. App. 1981).

Accordingly, Relator has not shown that any lack of diligence on the part of the trial court or the State is a bar to the trial court's holding a hearing on the motion to adjudicate his guilt.

## CONCLUSION

Relator has not shown that the trial court is without jurisdiction to act or, more generally, that he has a clear right to the relief sought. Accordingly, his petitions for writ of mandamus and writ of prohibition are *denied*. All pending motions are *overruled as moot*.

SAM GRIFFITH
Justice

Opinion delivered August 17, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4