NO. 12-11-00154-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

BRAD COURTNEY,                                     §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







MEMORANDUM
OPINION

In
this original proceeding, Relator Brad Courtney has filed a petition for writs
of mandamus and prohibition along with an affidavit, supplemental briefing, and
an appendix.  Relator is on deferred adjudication community supervision for an
offense in Nacogdoches County, and he has filed this original proceeding to
prevent the trial court from considering a motion to adjudicate his guilt.

 

Background 

According
to the documents filed with Relator’s petition, he pleaded guilty to the
offense of unauthorized use of a vehicle in October 2003.  The trial court
accepted his plea, deferred adjudication[1] of
his guilt, and placed him on community supervision for a period of five years. 
Relator pleaded guilty to the offense of assault in the second degree in the
State of Missouri in August 2006 and was assessed a three year prison
sentence.  He also pleaded guilty to the offense of property damage in the
first degree.  He was assessed a six year prison sentence for that offense, and
the sentences for the two offenses were ordered to be served consecutively.

According
to the documents in Relator’s appendix, these offenses were committed on
October 5, 2005.  On October 25, 2005, the Nacogdoches County Sheriff’s Office
informed the Missouri Department of Corrections that it had a warrant for
Relator for a “probation violation” on the unauthorized use of a vehicle case. 
Relator asserts that he has not been transferred to Nacogdoches County for a
hearing on alleged violations of the terms of his community supervision.  According
to his submission, he has filed motions to dismiss the revocation proceeding,
and the trial court has “not adjudicated” or has “denied” the motions.

 

Prerequisites to Extraordinary Relief

            To
obtain mandamus relief in a criminal case, a relator must demonstrate that he
does not have an adequate remedy at law to redress an alleged harm and that the
act he seeks to compel is ministerial, that is not involving a discretionary or
judicial decision.  See State ex rel. Young v. Sixth
Judicial Dist. Court of Appeals, 236 S.W.3d 207, 210 (Tex. Crim. App.
2007) (orig. proceeding).  If the relator fails to satisfy either aspect of
this two part test, mandamus relief should be denied.  Id. 
Additionally, a relator must furnish a record sufficient to support his claim
for mandamus relief.  See Tex. R.
App. P. 52.7(a).  

            A
writ of prohibition in an appellate court is a limited purpose remedy.  In
re Lewis, 223 S.W.3d 756, 761 (Tex. App.–Texarkana 2007, orig.
proceeding).  The writ is used to protect the subject matter of an appeal or to
prohibit an unlawful interference with enforcement of a superior court's order
and judgments.  See Sivley v. Sivley, 972 S.W.2d 850, 863
(Tex. App.–Tyler 1998, orig. proceeding) (combined appeal and original
proceeding).  As pertinent here, a writ of prohibition will issue to prevent a
lower court from interfering with a higher court in deciding a pending appeal. 
Id. at 863.  Prohibition is not appropriate if any other remedy,
such as appeal, is available and adequate.  In re Castle Tex. Prod. Ltd.
P'ship, 189 S.W.3d 400, 404 (Tex. App.–Tyler 2006, orig. proceeding).

 

Availability of Extraordinary relief

            Relator
has not shown that he is entitled to relief.  In order to show a “clear right
to the relief sought,” a relator must show that the “the facts and
circumstances dictate but one rational decision under unequivocal, well-settled
(i.e., from extant statutory, constitutional, or case law sources), and clearly
controlling legal principles.”  Simon v. Levario, 306 S.W.3d 318,
320 (Tex. Crim. App. 2009) (citations and quotations omitted).  Relator argues,
citing Overstreet v. State, No. 12-08-00252-CR, 2009 Tex. App.
LEXIS 2929 (Tex. App.–Tyler April 30, 2009, no pet.) (mem. op., not designated
for publication), and State ex rel. Latty v. Owens, 907 S.W.2d
484 (Tex. 1995), that any revocation of his suspended sentence at this time
would be a void act by the trial court.  We disagree.

            As
we explained in the Overstreet opinion, a trial court loses
jurisdiction at the expiration of the term of community supervision if a motion
to revoke has not been filed and a capias or warrant has not been issued.  Overstreet,
2009 Tex. App. LEXIS 2929, at *3 (“The trial court, however, retains
jurisdiction to proceed with an adjudication of guilt, despite the expiration
of the term of community service imposed, if before the expiration the attorney
representing the state files a motion to proceed with the adjudication and a
capias is issued for the arrest of the defendant.”).  This conclusion is based
on Article 42.12, Section 5(h), Texas Code of Criminal Procedure, which
expressly extends a trial court’s jurisdiction beyond the period of community
supervision only when both a motion to proceed to adjudication and a capias
have been filed. 

In
this case, it appears that a capias has been issued, and it is reasonable to
conclude that a motion to proceed to adjudication has been filed.[2] 
In fact, Relator concedes that a hold has been placed on him as a result of the
warrant from Nacogdoches County.  The warrant was obtained and served in 2005,
and Relator’s community supervision was not scheduled to expire until 2008. 
Accordingly, because a motion to proceed to adjudication was filed and a
warrant obtained and served before the expiration of his term of community
supervision, Relator has not shown that the trial court lacks jurisdiction to
proceed to adjudication in this matter. 

Nor
has Relator shown that the State is barred from proceeding to adjudication in
this case on due diligence grounds.  Relator complains that the State and the
trial court have failed to compel his appearance and to adjudicate this matter
despite his being “available” for several years.  This conveniently sidesteps
the fact that Relator is, by his admission, in prison in the State of Missouri. 
Without more, we cannot know if his imprisonment in that jurisdiction has been
an impediment to returning Relator to Nacogdoches County for an adjudication
hearing.   

As
we explained in Fuller v. State, No. 12-07-00424-CR, 2008 Tex.
App. LEXIS 6735, at *5 (Tex. App.–Tyler Sept. 3, 2008, pet. ref’d) (mem. op.,
not designated for publication), the legislature removed due diligence defenses
for community supervision revocations except for instances in which the state
seeks to revoke a suspended sentence on the grounds that the defendant failed
to report or failed to remain in a specific place.  See id., 2008
Tex. App. LEXIS 6735 at *8–9 (referencing Tex.
Code Crim. Proc. Ann. art. 42.12, § 24 (West Supp. 2008).  Relator has
not provided this court with a copy of the motion to adjudicate, but a fair
reading of the record leads to the conclusion that the motion was filed because
he committed additional offenses and not because of a failure to report or to
remain in a specific place.

There
is a statutory provision whereby a defendant can compel a hearing on alleged
violations of community supervision.  Section 21(b) of Article 42.12, Texas
Code of Criminal Procedure, provides that a defendant arrested and detained in
the county jail (or other appropriate place of confinement) for revocation of
community supervision may file a motion to cause the judge to bring the
defendant before the judge for a hearing within twenty days.  By its terms,
Section 21(b) applies to revocations of community supervision where guilt has
been adjudicated.  However, Section 5(b), which specifically addresses
revocation of deferred adjudication community supervision, provides that a
defendant may be arrested and detained as provided in Section 21, Texas Code of
Criminal Procedure.  Section 21(b) does not entitle Relator to relief in the
proceeding.  First, he is not confined in the county jail, which is a
precondition for an inmate to file a motion pursuant to Section 21(b).  Second,
while Relator has filed two motions to dismiss the proceedings, he has not
filed a motion for a hearing.  Finally, even if Relator did file a motion for a
hearing, his remedy if a hearing is not held is to file an application for writ
of habeas corpus.  See Aguilar v. State, 621 S.W.2d 781, 786
(Tex. Crim. App. 1981).

Accordingly,
Relator has not shown that any lack of diligence on the part of the trial court
or the State is a bar to the trial court’s holding a hearing on the motion to
adjudicate his guilt. 

 

Conclusion

Relator
has not shown that the trial court is without jurisdiction to act or, more
generally, that he has a clear right to the relief sought.  Accordingly, his
petitions for writ of mandamus and writ of prohibition are denied. 
All pending motions are overruled as moot.

 

                                                                                    Sam
Griffith

                                                                                       
   Justice

Opinion delivered August 17, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO
NOT PUBLISH)









[1] See Tex. Code Crim. Proc. Ann. art. 42.12
§§ 2(2)(A), 5 (West Supp. 2010).   





[2] Relator has not included a copy
of a motion to adjudicate.  He does not assert that a motion to adjudicate has
not been filed, and we think it uncontroversial to conclude that such a motion
had been filed before the sheriff could obtain a warrant for a “probation
revocation.”