

# NUMBERS 13-20-00287-CR & 13-20-00288-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE K.G.

**On appeal from the 19th District Court
of McLennan County, Texas.**

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides**

Appellant Krisean Gibson was arrested on the same day for the separate offenses of murder, a first-degree felony, and aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 19.02, 22.02(a)(2). Appellant subsequently filed two applications for habeas relief, arguing he was entitled to be released on personal recognizance bonds because the State had failed to indict him within ninety days from the date of his detention. *See* TEX. CODE CRIM. PRO. ANN. art. 17.151, § 1(1). Moreover, appellant argued that various emergency orders issued by the Governor of Texas, the

Supreme Court of Texas, and the McLennan County District Courts that either suspended (Governor) or extended (District Courts) the ninety-day deadline or modified the procedures for grand jury deliberations (Supreme Court) due to the COVID-19 pandemic were unconstitutional. The trial court denied both applications. In this consolidated appeal, appellant maintains that these emergency orders were unconstitutional, and therefore, the trial court abused its discretion when it failed to order his release on personal bonds.[1] We affirm.

## I.    BACKGROUND

On February 21, 2020, three arrest warrants were executed on appellant: the first was for an alleged murder that occurred on November 1, 2019, the second was for an alleged aggravated assault with a deadly weapon that occurred on November 19, 2019, and the third was on a motion to revoke appellant's community supervision on a prior aggravated robbery charge. His bonds were set at $300k for the murder allegation and $150k for the aggravated assault allegation. No bond was set on the motion to revoke.

On May 22, 2020, appellant filed his applications for habeas relief, alleging that more than ninety days had passed since the date of his detention and that he had not been lawfully indicted on either new offense.[2] Anticipating the State's reliance on the

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] In particular, appellant alleged that he had not been indicted on the aggravated assault offense, and although he had been indicted within ninety days on the murder offense, the indictment was void because only six members of the grand jury, less than the nine members necessary for a quorum, met in person while the other six attended by videoconference. *See* TEX. CONST. art. 13, § 13 (providing that grand juries "in the District Courts shall be composed of twelve persons . . . but nine members of a grand jury shall be a quorum to transact business and present bills"). According to appellant, the plain meaning of "quorum" requires a physical, not virtual, presence, and therefore, the Texas Supreme Court's Twelfth Emergency Order was unconstitutional. *See Twelfth Emergency Order Regarding COVID-19 State of Disaster*, __ S.W.3d __, __, 2020 WL 63906519, at *1 (Tex. 2020) (allowing "grand juror[s] . . . to participate

emergency orders, appellant set forth various constitutional arguments against each order. Both applications requested that the trial court "grant this Application and order the Sheriff of McLennan County to release [appellant on] the personal bond to which he is entitled under TEX. CODE CRIM. PROC. 17.151." Appellant did not alternatively request a bond reduction under Article 17.151. *See* TEX. CODE CRIM. PRO. ANN. art. 17.151, § 1.

The trial court held a consolidated hearing on June 12, 2020. In addition to defending the constitutionality of the emergency orders, the State argued an exception to Article 17.151 applied because appellant was also being lawfully detained on the motion to revoke his community supervision. *See id.* art. 17.151, § 2(2). It was undisputed at the hearing that the motion to revoke was pending, and that appellant had not filed a motion requesting a hearing on the matter. *See id.* art. 42A.751(d). The trial court denied the applications and issued findings of fact and conclusions of law. In addition to concluding that the emergency orders were constitutional—and therefore, the State had not violated Article 17.151—the trial court also determined that Article 17.151 did not apply because appellant was being lawfully detained on the motion to revoke. These consolidated appeals ensued.

## II. STANDARD OF REVIEW

We review a trial court's order denying a pretrial habeas corpus application for an abuse of discretion. *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). A trial court abuses its discretion when it acts without reference to guiding rules and principles. *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016).

---

remotely, such as by teleconferencing, videoconferencing, or other means").

Additionally, the operation of Article 17.151 is a question of statutory construction. Statutory construction presents a question of law that we review de novo. *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020). When interpreting a statute's language, we read words and phrases in context and construe them according to normal rules of grammar and usage. *Id.* We give effect to each word, phrase, clause, and sentence if reasonably possible. *Id.* If a statute's language is plain, we effectuate that plain language so long as doing so does not lead to absurd results. *Id.*

### III.    ANALYSIS

In what we construe as a single issue, appellant argues that he was entitled to be released on personal bonds under Article 17.151 because the emergency orders relied on by the State to alter the nature of grand jury proceedings and the requirements of Article 17.151 were unconstitutional.

### A.    Waiver

As a threshold matter, the State contends that appellant waived his right to appellate review because he failed to address each basis for the trial court's ruling in his briefs, namely, the trial court's conclusion that an exception to Article 17.151 applied. Instead, the State points out that appellant only addressed the constitutionality of the emergency orders in his briefs, even though the trial court's findings of fact and conclusions of law expressly included this additional ground for its ruling. In a post-submission brief, appellant characterizes the statutory-exception ground as the State's "counter-issue" for affirming the trial court's orders and says that he "addressed the newly framed and raised counter-issue by the [State]." We note, however, that the only time

4

appellant "addressed" the merits of this additional ground for the trial court's ruling was by responding to a question during oral argument. Nevertheless, even if we assume that no waiver occurred, we conclude that the trial court did not abuse its discretion by denying appellant's applications for writ of habeas corpus.

## B.    Judicial Restraint

As another preliminary matter, the State urges us to address the statutory-exception ground first because it does not require us to resolve any constitutional questions. Judicial restraint requires us to avoid deciding constitutional questions when an issue can be resolved on non-constitutional grounds. *See, e.g.*, *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) ("As a rule, we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds."); *Jimenez v. State*, 32 S.W.3d 233, 239 n.23 (Tex. Crim. App. 2000) ("[C]onstitutional issues should not be addressed if the case can be resolved on nonconstitutional grounds."). Because the statutory-exception ground is dispositive, we address it first and do not reach the constitutionality of the various emergency orders.

## C.    Appellant was Lawfully Restrained on the Pending Motion to Revoke

Texas law provides that at any time during a period of community supervision, the judge may issue a warrant for an alleged violation of any condition of community supervision and cause the defendant to be arrested. TEX. CODE CRIM. PRO. ANN. art. 42A.751(b). When a defendant is arrested for an alleged violation of a condition of community supervision, only the judge who ordered the arrest may authorize the defendant's release on bail. *Id.* art. 42A.751(c).

> If the defendant has not been released on bail as permitted under Subsection (c), on motion by the defendant, the judge who ordered the arrest for the alleged violation of a condition of community supervision shall cause the defendant to be brought before the judge for a hearing on the alleged violation within 20 days of the date the motion is filed. After a hearing without a jury, the judge may continue, extend, modify, or revoke the community supervision.

TEX. CODE CRIM. PRO. ANN. art. 42A.751(d). As the Texas Court of Criminal Appeals has explained, this twenty-day deadline runs from the date the defendant files his motion for a hearing, not from the date the State files its motion to revoke. *Aguilar v. State*, 621 S.W.2d 781, 783–84 (Tex. Crim. App. 1981) (interpreting identical language under a former statute); *see also In re Allen*, No. 03-21-00138-CV, 2021 WL 1244671, at *1 (Tex. App.—Austin Apr. 2, 2021, no pet.) (mem. op., not designated for publication) ("Article 42A.751 only requires a trial court to hold a hearing on the alleged violation of a condition of community supervision within 20 days of the defendant filing a motion requesting the hearing."). Thus, the right to a speedy revocation hearing is only "triggered" by the defendant's request. *Aguilar*, 621 S.W.2d at 784 ("When such a request is made the trial court shall cause the probationer to be brought before it within twenty days, provided that the probationer has not been released.").

Under Article 17.151, a defendant being detained on an accusation of a felony "must be released either on personal bond or by reducing the amount of bail required . . . if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention." TEX. CODE CRIM. PRO. ANN. art. 17.151, § 1(1). "The State cannot announce ready for trial when there is no indictment." *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth 2010, no pet.).

6

Accordingly, "the existence of a charging instrument is an element of State preparedness." *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983). However, Article 17.151 does "not apply to a defendant who is . . . being detained pending trial of another accusation against the defendant as to which the applicable period has not yet lapsed." TEX. CODE CRIM. PRO. ANN. art. 17.151, § 2(1).

Here, the State argued, and the trial court agreed, that the motion to revoke constituted "another accusation" against appellant for which he was being detained "pending trial" and that the "applicable period" had not expired because appellant had failed to invoke his right to a speedy revocation hearing under Article 42A.751(d). *See id.* arts. 17.151, § 2(2), 42A.751(d). With respect to this ground for denying appellant's applications, the trial court made the following findings and conclusions:

24.   [Appellant's] detention on the Motion to Revoke Probation for Aggravated Robbery in Cause Number 2017-954-C1 constitutes "another allegation" pursuant to Article 17.151.

25.   [Appellant] has not filed a motion pursuant to Article 42A.751(d) of the Texas Code of Criminal Procedure requesting a hearing on the Motion to Revoke.

26.   The 20[-]day deadline under Article 42A.751(d) does not begin until [appellant] files a motion for a hearing.

27.   [Appellant] is currently detained on "another allegation" in which the deadline under 17.151 has not expired under Cause Number 2017-954-C1. See Ex parte De Paz, [No.] 03-15-00581-CR, 2016 WL 3765751 (Tex. App.—Austin July 7, 2016, no pet.) [(mem. op., not designated for publication)].

28.   [Appellant] is not entitled to a personal bond pursuant to Article 17.151.

7

This issue was addressed by our sister court in *Ex parte De Paz*, No. 03-15-00581-CR, 2016 WL 3765751 (Tex. App.—Austin July 7, 2016, no pet.) (mem. op., not designated for publication). The defendant was arrested and detained on three felonies, and after more than ninety days had passed without an indictment, he requested habeas relief under Article 17.151. *Id.* at *1. The trial court agreed with the State that the defendant was not entitled to a personal bond on the unindicted charges because he was also being held on a pending motion to adjudicate guilt filed in another county, and the defendant had failed to show that the applicable period had run on that allegation. *Id.*

On appeal, the defendant in *Ex parte De Paz* argued that the exception to Article 17.151 did not apply because a person being held on a motion to adjudicate guilt was not "being detained pending trial" and a motion to adjudicate did not constitute an "accusation" under the exception. *Id.* at *3 (quoting TEX. CODE CRIM. PRO. ANN. art. 17.151, § 2(2)). The court of appeals disagreed, noting first the rule of statutory construction "that requires two statues to be read together, if possible, giving effect to both." *Id.* (quoting *Ex parte Gill*, 413 S.W.3d at 430). Looking to the exception's plain language, the court of appeals determined that a revocation hearing is a "trial" for purposes of the statute because it is a "formal judicial examination of evidence and determination of legal claims in an adversary proceeding." *Id.* (quoting *Trial*, BLACK'S LAW DICTIONARY (9th ed. 2009)). Similarly, the court concluded that the allegations in the motion to adjudicate (i.e., that the defendant violated the terms of his community supervision) constituted "another accusation against the defendant." *Id.* (citing WEBSTER'S THIRD NEW INT'L DICTIONARY 14 (defining "accusation" to mean "charge of wrongdoing,

8

delinquency, or fault: the declaration containing such a charge")). We find this reasoning persuasive, especially because it harmonizes Articles 17.151 and 42A.751, giving full effect to both. *See Ex parte Gill*, 413 S.W.3d at 430.

Here, it is undisputed that at the time the trial court denied his applications, appellant was also being held without bond on the State's pending motion to revoke, and appellant had not invoked his right to a speedy revocation hearing. *See* TEX. CODE CRIM. PRO. ANN. art. 42A.751(d). Accordingly, the exception to Article 17.151 applied, and the trial court did not abuse its discretion in denying appellant's applications. *See id.* art. 17.151, § 2(2); *see also Ex parte De Paz*, 2016 WL 3765751, at *4. We overrule appellant's sole issue.

## IV.    CONCLUSION

We affirm the trial court's orders denying appellant's applications for writ of habeas corpus.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
7th day of October, 2021.

9