

# NUMBER 13-21-00313-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARIO CHAPA A/K/A
MARIO CHAPA JR.,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

## On appeal from the 28th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Mario Chapa a/k/a Mario Chapa Jr., pleaded guilty to driving while intoxicated, third offense, and was placed on community supervision. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2). The trial court later revoked Chapa's community

supervision on the State's motion and sentenced him to eight years' imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ). By one issue, Chapa claims the trial court abused its discretion when it denied his motion to dismiss and revoked his community supervision. We affirm.

I.    BACKGROUND

On July 13, 2015, Chapa pleaded guilty to the offense of driving while intoxicated, third offense—a third degree felony. *See id.* The trial court suspended his sentence of confinement and placed him on community supervision for a term of seven years. On April 9, 2021, the State filed its original motion to revoke alleging that Chapa had violated several conditions of community supervision; a warrant of arrest for Chapa was issued on the same day. On April 23, 2021, Chapa was arrested by the Nueces County Sheriff's Office. On May 12, 2021, the trial court called a hearing on the State's motion to revoke but the State did not appear and the hearing was reset. On the same day, the State filed its amended motion to revoke.

On August 30, 2021, Chapa filed his "Motion to Dismiss Revocation for Violations of Speedy Community Revocation Hearing and Due Process." On September 29, 2021, the trial court held a hearing on the State's amended motion to revoke and Chapa's motion to dismiss. The trial court denied Chapa's motion to dismiss, found that Chapa violated several terms of his community supervision, and granted the State's amended motion to revoke. Chapa's community supervision was revoked and he was sentenced to

2

eight years' confinement in TDCJ. This appeal ensued.

## II. STANDARD OF REVIEW & APPLICABLE LAW

Probationers are entitled to speedy probation revocation hearings. *Wisser v. State*, 350 S.W.3d 161, 165 (Tex. App.—San Antonio 2011, no pet.) (*citing Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978)). At any time during a period of community supervision, a judge may issue a warrant for an alleged violation of any condition of community supervision and cause the defendant to be arrested. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751(b). When a defendant is arrested for an alleged violation of a condition of community supervision, the judge who ordered the arrest may authorize the defendant's release on bail. *Id.* art. 42A.751(c).

> If the defendant has not been released on bail as permitted under Subsection (c), *on motion by the defendant*, the judge who ordered the arrest for the alleged violation of a condition of community supervision shall cause the defendant to be brought before the judge for a hearing on the alleged violation within 20 days of the date the motion is filed. After a hearing without a jury, the judge may continue, extend, modify, or revoke the community supervision.

*Id.* art. 42A.751(d) (emphasis added). This twenty-day deadline runs from the date the defendant files his motion for a hearing, not from the date the State files its motion to revoke. *Aguilar v. State*, 621 S.W.2d 781, 783–84 (Tex. Crim. App. 1981) (interpreting identical language under a former statute); *see also In re Allen*, No. 03-21-00138-CV, 2021 WL 1244671, at *1 (Tex. App.—Austin Apr. 2, 2021, no pet.) (mem. op., not designated for publication) ("Article 42A.751 only requires a trial court to hold a hearing on the alleged violation of a condition of community supervision within 20 days of the defendant filing a motion requesting the hearing."); *Ex parte K.G.*, No. 13-20-00287-CR,

3

2021 WL 4597253, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 7, 2021 no pet.) (mem. op., not designated for publication) (same). Thus, the right to a speedy revocation hearing is only "triggered" by the defendant's request for a hearing. *See Aguilar*, 621 S.W.2d at 784 ("When such a request is made the trial court shall cause the probationer to be brought before it within twenty days, provided that the probationer has not been released.").

To determine whether Chapa was denied a speedy revocation hearing, we apply the *Barker* balancing test, which requires consideration of the following non-exclusive factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972); *see Carney*, 573 S.W.2d at 26. However, before a court engages in an analysis of each *Barker* factor, the accused must first make a threshold showing that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992). "'Presumptive prejudice' 'simply marks the point at which courts deem the delay unreasonable enough to trigger further enquiry.'" *Gonzalez v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014) (quoting *State v. Munoz*, 991 S.W.2d 818, 821–22 (Tex. Crim. App. 1999) (brackets omitted)). We measure the length of delay from the time the defendant is arrested or formally accused to the time of trial. *See United States v. Marion*, 404 U.S. 307, 313 (1971); *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992). An eight-month delay is presumptively unreasonable and

4

prejudicial. *Harris*, 827 S.W.2d at 956.

### III. DISCUSSION

In his sole issue, Chapa contends that the trial court abused its discretion when it revoked his community supervision. Specifically, Chapa argues that his right to a speedy revocation hearing was violated and that the trial court should have granted his motion to dismiss the State's motion to revoke on this basis.

At the September 29, 2021 hearing, Chapa argued that pursuant to Article 42A.751(d), the State's motion to revoke had to be heard within twenty days of the filing of said motion. Chapa further argued the State was to blame for the delay and that it was fundamentally unfair to proceed on the motion to revoke considering that he had been in jail since April 23, 2021. The record demonstrates that Chapa did not file a motion requesting a hearing on the State's original or amended motion to revoke. In addition, Chapa's motion to dismiss did not request a hearing on the State's motion to revoke, but rather asked for dismissal of said motion. Thus, Chapa's right to a speedy revocation hearing was never triggered under Article 42A.751. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751(d); *Aguilar*, 621 S.W.2d at 784.

Furthermore, Chapa was formally accused of violating the terms of his community supervision on April 9, 2021, the date the State filed its original motion to revoke. *See Harris*, 827 S.W.3d at 956. The hearing on the State's amended motion to revoke took place on September 29, 2021. Thus, the delay involved in this case—April 9, 2021 through September 29, 2021—consisted of 173 days, or just under six months. Citing Article 42A.751 as a guideline, Chapa argues that a delay beyond twenty days is

presumptively prejudicial but presents no case authority holding as such, and we have found none.[1]

Presumptive prejudice marks the point that delay is deemed unreasonable enough to trigger further enquiry. *Gonzalez*, 435 S.W.3d at 808. We note that "the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. 514, 530-31. As discussed above, the only time limit within which a motion to revoke probation must be heard by the trial court was not triggered by Chapa. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751(d); *Aguilar*, 621 S.W.2d at 784. Chapa does not explain why the peculiar circumstances in this case would render the near six-month delay in this case to be presumptively prejudicial. The record indicates that Chapa had not requested a revocation hearing in his motion or in his arguments to the trial court at the September 29, 2021 hearing. Rather, Chapa requested a dismissal of the State's revocation motion, which strongly suggests that he did not really want a speedy revocation hearing. *See Harris*, 827 S.W.2d at 956 (holding that appellant's lack of a timely demand for a speedy trial indicates strongly that he did not really want a speedy trial). We also note that the trial court held a hearing on the State's revocation motion immediately after denying Chapa's motion to dismiss. After considering the circumstances of this case, we hold that the near six-month delay here was not sufficient in length to be presumptively prejudicial to trigger further inquiry of the *Barker* balancing test. *See Harris*, 827 S.W.2d at 956. Chapa's sole issue is overruled.

---

[1] *Aguilar* held that a trial court's violation of the twenty-day rule was not "error" which tainted the trial court's decision to revoke the probation or mandated a reversal of the judgment. *Aguilar v. State*, 621 S.W.2d 781, 786 (Tex. Crim. App. 1981) (interpreting former Article 42.12, Section 8(a) of the Texas Code of Criminal Procedure, a provision with identical language to Article 42A.751(d)).

## IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
30th day of August, 2022.

7